IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAPP, INC., YOUNG PEOPLES DAY CAMPS INC., KMJA DAY CAMPS, INC., AND PRAYUS GROUP LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, AND DISCOVER BANK,<br><br>Defendants. | Case No. 1:23-cv-04676 |
| LEMMO'S PIZZERIA, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, AND DOES 1–100,<br><br>Defendants. | Case No. 1:23-cv-14250 |
| SUPPORT ANIMAL HOLDINGS, LLC, and LENNYS CASITA, LLC, individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, AND DOES 1–100,<br><br>Defendants. | Case No. 1:23-cv-15297 |

**PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM FOR PRELIMINARY
APPROVAL OF MODIFIED CLASS ACTION SETTLEMENT**

#124769847v3

**INTRODUCTION**

Plaintiffs hereby move for preliminary approval of a Modified Class Action Settlement Agreement and Release ("Modified Settlement"), entered into by the parties on January 21, 2025. The Modified Settlement would replace the parties' original agreement that the Court preliminarily approved on October 22, 2024 (the "Original Settlement").[1] As discussed herein, the Modified Settlement represents an *even better result* for the Settlement Class than the Original Settlement, which itself was a very strong result for the Settlement Class.

As previously explained, under the Original Settlement, the Methodology for calculating the estimated overcharges for each "merchant identification number" (or "MID") in the Settlement Class utilized certain assumptions and extrapolation for the years 2007–2015, due to the absence of MID-level transactional data for those years. Discover has now identified MID-level transactional data for those years, which allows for more precise settlement payment calculations on the misclassified transactions that occurred from 2007 through 2015. Discover notified Settlement Class Counsel of its findings, and after further negotiations and additional confirmatory discovery about the new data, the parties have reached a Modified Settlement that includes limited revisions related to the newly discovered data.

Specifically, the parties have agreed to modify the Methodology as it relates to years 2007–2015, so that it now utilizes the newly identified Settlement Class data for those years, in place of the assumptions and extrapolation previously used. The impact of this adjustment is an appreciable *increase* to the total funds available to the Settlement Class. And the modified Methodology includes a provision whereby, for those MIDs where the payments available under the Original

---

[1] The Modified Settlement, including the Exhibits thereto, is being filed concurrently herewith. The Original Settlement is docketed at *CAPP*, ECF No. 59-1; *Lemmo's*, ECF No. 71-1; *Support Animal*, ECF No. 52-1.

Settlement would have been higher, payments for those MIDs will be calculated pursuant to the original Methodology—i.e., ***no Settlement Class Member will receive less than they would have been entitled to receive under the Original Settlement***.

The Modified Settlement includes certain other corresponding benefit for the Settlement Class. Discussed further below, those changes include a proportionate increase to the Minimum Total Class Payout (i.e., the minimum total amount Discover will pay, inclusive of payments under the Settlement as well as any individual settlements), from $500 million to $540 million; interest through the Escrow Final Funding Date (as opposed to the date of Preliminary Approval Order); a simplified claim form (where a claim is required); and eliminating the need for Active Direct End Merchants to submit claims for the 2007–2015 time period (claims had previously been required for them, for that period, because of the prior lack of MID-level data for those years). A redline showing all changes in the Modified Settlement is attached as Exhibit A to the Joint Declaration of Roger Heller, Taras Kick, and Catherine Pratsinakis ("Joint Decl.") submitted herewith. The parties are also filing herewith, for the Court's approval, an updated Notice Program and notice documents, attached as Exhibit 2 to the Declaration of Cameron Azari on the Proposed Updated Notice Program ("Azari Decl."), which have modest changes that reflect the availability of the new data and the Modified Settlement terms.

Like the Original Settlement before it, the Modified Settlement is fair, reasonable, and adequate in all respects. For the reasons set forth herein and articulated in Plaintiffs' original motion for preliminary approval, Plaintiffs respectfully request that the Court enter a modified Preliminary Approval Order: (a) vacating and replacing the Existing Preliminary Approval Order;[2]

---

[2] *CAPP*, ECF No. 63; *Lemmo's*, ECF No. 74; *Support Animal*, ECF No. 56. For clarity, Plaintiffs' request to vacate the Existing Preliminary Approval Order is premised upon the Court granting preliminary approval of the Modified Settlement.

3

(b) preliminarily approving the Modified Settlement; (c) directing that notice be disseminated to the Settlement Class under Rule 23(e)(1) pursuant to the parties' updated Notice Program; (d) reaffirming certification of the Settlement Class for purposes of the Modified Settlement; (e) reaffirming the appointment of the Settlement Class Representatives and Settlement Class Counsel; and (f) setting a schedule for implementation of the Settlement administration and final settlement approval proceedings.

## BACKGROUND

**I.     Procedural History**

The parties reached an agreement to resolve these actions through the execution of the Original Settlement on June 28, 2024. On August 27, 2024, Plaintiffs filed an unopposed motion for preliminary approval of the Original Settlement (*CAPP*, ECF No. 59; *Lemmo's*, ECF No. 71; *Support Animal*, ECF No. 52) ("Original Mot."). On October 22, 2024, the Court issued an Order Granting Preliminary Approval of Class Action Settlement (*CAPP*, ECF No. 63; *Lemmo's*, ECF No. 74; *Support Animal*, ECF No. 56) (the "Existing Preliminary Approval Order").

The Original Settlement provides a series of steps to determine the Settlement Payment amount attributable to each Payment Eligible Settlement Class Member. As relevant here, the first such step involved calculating the estimated fee overcharges plus interest (called the "MID Amount") for each "MID" (i.e., the "merchant identification number" applicable to an End Merchant) using Discover's available data and pursuant to a Methodology that was attached as Exhibit B to the Original Settlement. *See* Original Settlement, Ex. B §§ 1.13, 2.4("original Methodology"). Because, at the time, Discover lacked reliable MID-level data for the period before 2016, the original Methodology extrapolated Annual MID Amounts for each such year (i.e., 2007 through 2015) based on Discover's data for 2016 (i.e., the earliest year for which reliable data was available). *See* Original Settlement, Ex. B §§ 1.17, 2.2, 2.3; *see also* Original Mot. at 9–

10. In granting preliminary approval of the Original Settlement, the Court accurately summarized that "the [Original] Settlement provides a payment to each Settlement Class Member that is based on a consistent methodology intended to estimate the approximate overcharge, if any, that each Settlement Class Member is estimated to have paid based on the records of Discover, the Settlement Class Members, and the additional data already collected and to be collected by Discover and the Settlement Administrator." Existing Preliminary Approval Order ¶ 10(e).

After the Court preliminarily approved the Original Settlement, Discover disclosed to Settlement Class Counsel that it had identified new MID-level transactional data (in the possession of Discover Bank) that would support a more accurate calculation of Annual MID Amounts for the years 2007 through 2015. Joint Decl. ¶ 15. The parties thereafter commenced discussions about how this newly discovered data could impact (and improve) the Notice Program, the calculation of Settlement Payments, and claims administration. Moreover, Settlement Class Counsel conducted additional confirmatory discovery about the newly identified data. Joint Decl. ¶ 16–17. Following weeks of negotiations at arm's length and the additional confirmatory discovery, the parties agreed that the newly discovered data was sufficient to support revisions to the Original Settlement and the original Methodology. On January 21, 2025, the parties executed the proposed Modified Settlement, which accounts for the newly discovered data and makes certain related enhancements described in more detail below. Joint Decl. ¶ 18.

## II. The Modified Settlement Agreement

The Modified Settlement includes adjustments to account for Discover's recent discovery of earlier data, including the adjustments to the Methodology to more precisely calculate Settlement Payments and updates to streamline the notice and claims administration process. Otherwise, the Original Settlement terms remain essentially unchanged in the Modified Settlement. *See* Original Mot. at 8–22 (summarizing material terms of the Original Settlement);

Joint Decl., Ex. A (redline showing specific differences between the Modified Settlement and the Original Settlement). A summary of the primary changes in the Modified Settlement follows.

A. **Modified Methodology for Calculating Estimated Fee Overcharges**

The parties agree that the Original Settlement and original Methodology therein should be modified to account for the additional pre-2016 data recently located by Discover. The original Methodology used the transactional data available to extrapolate Annual MID Amounts for 2007–2015, using assumptions based on sales volume for year 2016. Now that Discover has identified sufficiently reliable pre-2016 MID-level transactional data, the parties have agreed to a modified Methodology (Modified Settlement, Ex. B) that will use that newly discovered data to calculate the Annual MID Amount for years 2007 through 2015, applying the same steps used to calculate the Annual MID Amount for the later years (2016–2023). Thus, the MID Amount calculations will be more accurate and driven by the best available transactional data throughout the entire class period. In addition, the modified Methodology adopts an updated calculation of interest that extends the period for which interest will accrue (now, until the Escrow Final Funding Date, which is shortly before the payments are sent), *increasing* the Total Settlement Payout. Modified Settlement § 5.11, 5.13; Ex. B §§ 1.13, 2.3.

Significantly, under the Modified Settlement, no Payment Eligible Settlement Class Member will receive less than it was entitled to receive under the Original Settlement. The available payment amounts for the majority of the MIDs in the Settlement Class are higher as calculated under the modified Methodology than under the original Methodology. And in instances where that is not the case, the parties have included in the modified Methodology a provision pursuant to which the payments for *those* MIDs will be calculated using the original Methodology. Modified Settlement, Ex. B § 2.4. This provision ensures that any previously secured benefit

obtained for Settlement Class Members remains intact, and that no Settlement Class Member will receive less than what it would have been entitled to receive under the Original Settlement.

### B. Higher Total Settlement Payout

Corresponding to the modifications to the Methodology, the Modified Settlement increases the maximum total amount Discover must pay to all affected entities. Specifically, the "Total Settlement Payout" under the Modified Settlement has been increased to the sum of: (a) $1,225,311,279, the total of all Annual MID Amounts through the end of calendar year 2024 calculated under the Methodology, *plus* (b) additional applicable interest through the Escrow Final Funding Date (shortly before the Payment Date). Modified Settlement § 2.79. As before, if the total of all Settlement Payments due to all Payment Eligible Settlement Class Members, together with the Adjusted Total Non-Claimant Payment, exceeds the Total Settlement Payout figure, then each Payment Eligible Settlement Class Member's Settlement Payment would be reduced on a pro rata basis until the total of such payments reaches the Total Settlement Payout figure. Modified Settlement § 3.5.6.

### C. Higher Minimum Total Class Payout

The Minimum Total Class Payout (i.e., the floor) is increased under the Modified Settlement as well, approximately in proportion to the increase to the Total Settlement Payout with interest through 2024. Previously $500 million in the Original Settlement, under the Modified Settlement Discover agrees to pay affected entities a total of no less than $540 million, an increase of 8 percent. If the total of all Settlement Payments due to all Payment Eligible Settlement Class Members, together with the Minimum Adjusted Total Non-Claimant Payment,[3] does not exceed

---

[3] As previously described to the Court, since the commencement of these lawsuits, Discover has engaged and continues to engage in discussions with certain Settlement Class Members (or entities that would otherwise meet the definition of Settlement Class Members) to resolve the claims raised

7

#124769847v3

the Minimum Total Class Payout, then each Payment Eligible Settlement Class Member's Settlement Payment will be increased on a pro rata basis until such total of such payments reaches the Minimum Total Class Payout (i.e., $540 million). Modified Settlement § 3.5.5.

### D. Updated Notice Program

The parties' proposed notice and claims process, which remains largely identical to that in the Original Settlement, continues to be robust and thoughtfully designed to ensure that the Settlement Administrator receives the information it needs to reasonably allocate and calculate payments, while minimizing to the extent reasonably possible the burden on each claimant. *See* Azari Decl., Ex. 2 ("Notice Program"); *see also* Original Mot. at 11–15 (describing Notice Program and claim process, which largely remain unchanged). The Notice Program continues to include all of the same extensive methods of disseminating notice to the Settlement Class, including direct mail and email notice, multiple rounds of reminder notices, and a robust internet, radio, and print media campaign.

Moreover, the Modified Settlement includes certain enhancements to the notice and claims process, made possible by the newly available data. *First*, Discover's newly discovered data for years 2007 through 2015 will result in a more targeted, enhanced direct mail and email notice program. *Second*, the Claim Form has been simplified so that Settlement Class Members will no longer be required to indicate when they began and/or stopped accepting Discover cards (because the Settlement Administrator will now be able to rely upon Discover's data, for applicable dates,

---

by these lawsuits on an individual basis. Certain payments made or agreed to by Discover to resolve such claims (defined as "Non-Claimant Payments" in the Settlement), up to the Total Allocated MID Amounts for those entities (and for purposes of applying the Minimum Total Class Payout—i.e., the floor—not including any interest accruing after the date of entry of the Preliminary Approval Order), will be considered in determining whether Settlement Payments are to be adjusted to ensure that Discover's total payments to affected entities meet the minimum threshold (i.e., the Minimum Total Class Payout) and do not exceed the maximum limit (i.e., the Total Settlement Payout). Modified Settlement §§ 2.2, 3.5.1.

for the entire class period). *Third*, Active Direct End Merchants (both Managed and Unmanaged) will be deemed Payment Eligible for the entire class period without the need to submit a claim (under the Original Settlement, they had to submit claims for years 2007–2015 because of the lack of data for those years). *See* Modified Settlement §§ 3.3.1, 3.3.2. *Fourth*, capitalizing on the work it has already performed in connection with the Original Settlement, the Settlement Administrator is able to expedite the start of the multi-step notice process, helping to ensure prompt and efficient notice and claims administration.[4]

## ARGUMENT

Because the Modified Settlement only improves on the benefits available to Settlement Class Members under the Original Settlement, and because no Settlement Class Member will stand to recover less than what it would have been entitled to under the Original Settlement, the Court should grant preliminary approval of the Modified Settlement for the same reasons it previously granted preliminary approval of the Original Settlement. *See* Existing Preliminary Approval Order, at *CAPP*, ECF No. 63; *Lemmo's*, ECF No. 74; *Support Animal*, ECF No. 56.

I. **The Court Should Preliminarily Approve the Modified Settlement and Direct Notice to the Settlement Class Pursuant to the Updated Notice Program.**

Like the Original Settlement, the Modified Settlement meets the standards for preliminary approval. *See* Original Mot. at 22–30 (setting forth arguments in support of preliminary approval). Plaintiffs and Settlement Class Counsel have pursued this action on behalf of the Settlement Class

---

[4] The Effective Date will be expedited as well. Plaintiffs note that some subsequent implementation time windows (i.e., after and in relation to the Effective Date) have been extended to a limited extent in the Modified Settlement to ensure sufficient time periods for payment calculation and related steps comparable to what was in the Original Settlement. Importantly, under the Modified Settlement, interest on Settlement Payment amounts will accrue all the way through the Escrow Final Funding Date (shortly before the payments are mailed), covering any delay caused by the late discovery of new data. Modified Settlement §§ 5.11, 5.13, Ex. B §§ 1.13, 2.3.

with vigor and dedication, including by securing increased benefits through the terms of the Modified Settlement. Fed. R. Civ. P. 23(e)(2)(A). The Modified Settlement builds on an agreement that resulted from extensive, arm's-length negotiations through an experienced and highly regarded mediator, Hon. Jay C. Gandhi (Ret.) of JAMS. Fed. R. Civ. P. 23(e)(2)(B). The relief provided to the Settlement Class is very strong, considering (a) eligible Settlement Class Members are expected to receive payments calculated based on 100 percent of their Total Allocated MID Amounts; (b) the claims process, where required, is well designed to minimize the burden on claimants; (c) any Court-approved attorneys' fees and expense reimbursement will be paid by Discover on top of (i.e., in addition to) the Settlement Payments made to Settlement Class Members;[5] and (d) there are no other related agreements "made in connection with" the proposed Modified Settlement. Fed. R. Civ. P. 23(e)(2)(C). And the Modified Settlement treats Settlement Class Members equitably relative to each other by calculating and allocating Settlement Payments based on the best available data. Fed. R. Civ. P. 23(e)(2)(D). The Court should preliminarily approve the Modified Settlement.

In addition, the proposed updated Notice Program continues to meet all applicable standards and to provide the best notice practicable. *See* Original Mot. at 29–30. As before, the Notice Program continues to provide a robust plan for disseminating notice to the Settlement Class that includes direct mail and email notice, multiple rounds of reminder notices, and a robust internet, radio, and print media campaign. And as noted above, the Modified Settlement includes further enhancements to the notice and claims process that take advantage of the newly available data for years 2007 through 2015. Lastly, the proposed forms of notice have been updated to reflect

---

[5] The maximum limits for attorneys' fees and expenses remain unchanged under the Modified Settlement. *See* Modified Settlement § 2.5.

the enhancements achieved under the Modified Settlement but otherwise remain substantively the same as before. The Court should approve the updated Notice Program.

## II. The Court Should Again Certify the Settlement Class for Purposes of Settlement.

Under the Modified Settlement, the definition of the Settlement Class remains unchanged. Accordingly, the Court should reaffirm certification of the Settlement Class for settlement purposes because it satisfies the standards of Rules 23(a) and 23(b)(3). *See* Original Mot. at 30–33 (setting forth why the Settlement Class should be certified).

## III. The Court Should Reaffirm the Appointments of the Settlement Class Representatives and Settlement Class Counsel.

The Court previously appointed Settlement Class Representatives and Settlement Class Counsel to represent the Settlement Class for purposes of Settlement. *CAPP*, ECF No. 63; *Lemmo's*, ECF No. 74; *Support Animal*, ECF No. 56. For the same reasons, the Court should reaffirm those appointments for the purposes of the Modified Settlement.

## IV. The Court Should Reschedule the Final Approval Hearing and Related Dates.

In the Existing Preliminary Approval Order, the Court entered a schedule, in accordance with the Original Settlement, that required class notice to commence by January 20, 2025. Since executing the Modified Settlement, the parties have directed the Settlement Administrator to halt the process of preparing and sending notices to potential Settlement Class Members. Under the terms of the Modified Settlement, the parties will require additional time to notify Settlement Class Members of the proposed settlement, provide Settlement Class Members sufficient time to file claims and submit required information, and allow Settlement Class Members an opportunity to exclude themselves or file objections. That said, capitalizing on the work it has already performed in connection with the Original Settlement, the Settlement Administrator is able to expedite the

11

start of the multi-step notice process, allowing for the notice administration process to be as expedited as possible. The parties propose the following schedule:

| Event | Modified Timing |
|---|---|
| Settlement Class Notice Program begins | Forty-five (45) days after entry of the PAO |
| Motion for Attorneys' Fees and Expenses | One hundred twenty-five (125) days after entry of PAO |
| Motion for Final Approval Order | One hundred twenty-five (125) days after entry of PAO |
| Objection Deadline | Two hundred forty (240) days after entry of PAO |
| Opt-Out Deadline | Two hundred forty (240) days after entry of PAO |
| Settlement Claim Deadline | Two hundred ninety-four (294) days after entry of PAO |
| Final Approval Hearing | Two Hundred Ninety Six (296) days after entry of PAO |

## CONCLUSION

For the reasons set forth herein and in Plaintiffs' motion for preliminary approval of the Original Settlement, Plaintiffs respectfully request that the Court enter an order: (a) vacating and replacing the existing Preliminary Approval Order; (b) preliminarily approving the Modified Settlement; (c) directing that notice be disseminated to the Settlement Class under Rule 23(e)(1) pursuant to the parties' updated Notice Program; (d) reaffirming certification of the Settlement Class for purposes of the Modified Settlement; (e) reaffirming the appointment of the Settlement Class Representatives and Settlement Class Counsel; and (f) setting a schedule for implementation of the Settlement administration and final settlement approval proceedings.

Dated: January 22, 2025            Respectfully submitted,

By:   */s/ Catherine Pratsinakis*

    Catherine Pratsinakis
    Nina C. Spizer
    DILWORTH PAXSON LLP
    1650 Market Street, Suite 1200
    Philadelphia, PA 19103
    Telephone: (215) 575-7013
    Facsimile: (215) 575-7200
    cpratsinakis@dilworthlaw.com
    nspizer@dilworthlaw.com

By:   */s/ Roger N. Heller*

    Roger N. Heller (*pro hac vice*)
    Michael K. Sheen (*pro hac vice*)
    LIEFF CABRASER HEIMANN &
    BERNSTEIN LLP
    275 Battery Street, 29th Floor
    San Francisco, California 94111
    Tel: (415) 956-1000
    Fax: (415) 956-1008
    rheller@lchb.com
    msheen@lchb.com

    Margaret M. Becko (*pro hac vice*)
    LIEFF CABRASER HEIMANN &
    BERNSTEIN LLP
    250 Hudson Street, 8th Floor
    New York, NY 10013-1413
    Tel.: (212) 355-9500
    Fax: (212) 355-9592
    mbecko@lchb.com

By:   */s/ Taras Kick*

    Taras Kick (*pro hac vice*)
    Tyler Dosaj (*pro hac vice*)
    THE KICK LAW FIRM, APC
    815 Moraga Drive
    Los Angeles, California 90049
    Tel: (310) 395-2988
    Fax: (310) 395-2088
    Taras@kicklawfirm.com
    Tyler@kicklawfirm.com

*Settlement Class Counsel*

**CERTIFICATION PURSUANT TO GENERAL ORDER 16-0020**

I hereby certify that the content of the document is acceptable to all persons required to sign the document, and all such persons have consented to inclusion of their electronic signatures on the document.

Dated: January 22, 2025                  */s/ Catherine Pratsinakis*