## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Agreement") is entered into by and between Plaintiffs CAPP, Inc.; Young Peoples Day Camps Inc.; Prayus Group LLC; Lemmo's Pizzeria, LLC; and Lennys Casita, LLC (collectively the "Settlement Class Representatives"), on behalf of themselves and the Settlement Class, as defined below, on one hand, and Defendants Discover Financial Services; DFS Services LLC ("DFS Services"); and Discover Bank (collectively "Discover"), on the other hand (together the "Parties").

## 1.     RECITALS

WHEREAS, on July 19, 2023, Plaintiffs CAPP, Inc., Young Peoples Day Camps, Inc., and KMJA Day Camps, Inc. filed a putative class action lawsuit in the United States District Court for the Northern District of Illinois, styled *CAPP, Inc. et al. v. Discover Financial Services et al.*, Case No. 1:23-cv-4676 (the "CAPP Lawsuit"), and on August 11, 2023, filed an Amended Complaint naming an additional plaintiff, Prayus Group LLC, and asserting additional claims in that action;

WHEREAS, on August 14, 2023, Plaintiff Lemmo's Pizzeria, LLC filed a putative class action lawsuit in the United States District Court for the Central District of California, styled *Lemmo's Pizzeria, LLC v. Discover Financial Services et al.*, Case No. 2:23-cv-6651, and on September 5, 2023, filed a First Amended Complaint in that action, which was subsequently transferred to the United States District Court for the Northern District of Illinois and assigned Case No. 1:23-cv-14250 (the "Lemmo's Lawsuit");

WHEREAS, on August 29, 2023, Plaintiffs Support Animal Holdings, LLC and Lenny's Casita, LLC filed a putative class action lawsuit in the United States District Court for the Central District of California, styled *Support Animal Holdings, LLC et al. v. Discover Financial Services et al.*, Case No. 2:23-cv-7131, and the same day filed an Amended Complaint in that action, which was subsequently transferred to the United States District Court for the Northern District of Illinois and assigned Case No. 1:23-cv-15297 (the "Support Animal Lawsuit");

WHEREAS, on January 8, 2024, the CAPP Lawsuit, Lemmo's Lawsuit, and Support Animal Lawsuit (collectively the "Lawsuits") were deemed related and collectively assigned to the Hon. Steven C. Seeger;

WHEREAS, the Lawsuits allege that beginning in 2007, Discover incorrectly classified a portion of its consumer credit cards as commercial, which in turn caused Plaintiffs and members of the Settlement Class to incur excessive interchange fees; collectively, the Lawsuits allege claims under the federal RICO statute, 18 U.S.C. § 1962(c)-(d), and under several state consumer protection and common laws;

WHEREAS, Discover denies all claims asserted in the Lawsuits, and makes no admissions by entering this Agreement;

WHEREAS, the Parties desire to resolve all claims that are or could have been asserted in the Lawsuits regarding, or that otherwise relate to any claims brought by individuals who or entities that incurred, excessive interchange fees as a result of Discover's incorrect classification of credit cards as commercial where such credit cards should have been classified as "rewards," "premium," or "premium plus";

WHEREAS, on February 13, 2024, March 21, 2024, and May 14, 2024, the Parties participated in mediation sessions in Los Angeles, California, with the Hon. Jay C. Gandhi (Ret.) of JAMS, through which after extensive, arm's-length negotiations, the Parties reached an agreement in principle to settle on the terms and conditions embodied in this Agreement;

WHEREAS, the Parties executed a settlement agreement on June 28, 2024, which was the subject of Plaintiffs' August 27, 2024 motion for preliminary approval and which the Court granted preliminary approval of on October 22, 2024;

WHEREAS, Discover has become aware of additional data from 2007-2015 and determined the data was sufficient to support changes to the Methodology set forth in Exhibit B for calculating the MID Amount associated with a MID, and the Parties agreed that this Agreement should be modified to account for that data and the revised Methodology;

WHEREAS, in addition to the litigation that has occurred, the Parties' counsel have reviewed documents and data relating to the Lawsuits and analyzed the legal issues in the cases, the Parties' counsel have engaged in confirmatory discovery as set forth herein, and the Settlement Class Representatives and their counsel believe that the claims asserted in the Lawsuits have merit and Discover and its counsel deny and believe that they have meritorious defenses;

WHEREAS, Settlement Class Counsel believes that the proposed Settlement of the Lawsuits, as set forth herein, is in the best interest of the Settlement Class as defined herein;

WHEREAS, the Parties, Settlement Class Counsel, and Discover Counsel believe the Settlement is fair, reasonable, and adequate, and that the Settlement should be approved by the Court under Federal Rule of Civil Procedure 23(e);

WHEREAS, the Parties have concluded that continued litigation will likely be protracted and expensive, and that it is desirable that the Lawsuits be fully and finally settled in the manner and on the terms set forth in this Agreement in order to avoid the costs, delays, and uncertainties of continued litigation; and

WHEREAS, the Settlement resolves the Lawsuits in their entirety, and the parties intend this Settlement to bind the Parties and all Settlement Class Members who have not timely and validly excluded themselves, as provided herein, from the Settlement Class;

THEREFORE, Discover and the Settlement Class Representatives, on behalf of themselves and the Settlement Class, through their undersigned counsel, agree to settle the Lawsuits, subject to Court approval, under the following terms and conditions.

## 2. DEFINITIONS

As used in this Agreement, including in the attached exhibits, the following terms have the following meanings unless this Agreement specifically provides otherwise.

2.1. "**Active Direct End Merchant**" means a Direct End Merchant that either: (a) according to the records of DFS Services, has (i) an effective contract with DFS Services to accept Discover Credit Card Transactions as of the date of entry of the Preliminary Approval Order and has (ii) processed a Discover Credit Card Transaction within the ninety (90) days preceding the

date of entry of the Preliminary Approval Order; and/or (b) the Settlement Administrator determines to a reasonable degree of confidence is still in operation as of the date of entry of the Preliminary Approval Order and is able to locate a current corporate address as of that time.

2.2. "**Adjusted Total Non-Claimant Payment**" means the total of all Non-Claimant Payments reported by Discover pursuant to Section 3.5.1 up to but not to exceed, in the aggregate, the Total Allocated MID Amounts associated with every Non-Claimant Payment, as determined pursuant to Section 3.4. "Minimum Adjusted Total Non-Claimant Payment" means the total of all Non-Claimant Payments reported by Discover pursuant to Section 3.5.1 up to but not to exceed, in the aggregate, the Total Allocated MID Amounts associated with every Non-Claimant Payment, as determined pursuant to Section 3.4, with the exception that the Annual MID Interest Amounts are calculated (pursuant to Section 2.3 of the Methodology) up to the date of entry of the Preliminary Approval Order only.

2.3. "**Agreement**" means this Class Action Settlement Agreement and Release. For the avoidance of doubt, "Agreement" does *not* mean the Class Action Settlement Agreement and Release previously executed on June 28, 2024.

2.4. "**Allocated MID Amount**" means the portion or percentage of the MID Amount attributable to a MID Claimant or Non-Claiming Entity, as determined in accordance with Section 3.4 of this Agreement.

2.5. "**Attorneys' Fees and Expenses**" means those amount(s), to be determined by the Court, awarded to Settlement Class Counsel for: (a) attorneys' fees (not to exceed $25,000,000.00); and (b) reimbursement of litigation expenses (not to exceed $1,000,000.00).

2.6. "**Base Payment Eligible Settlement Class Member**" means a Payment Eligible Settlement Class Member whose Total Allocated MID Amounts are less than $10.00.

2.7. "**Claim**" or "**Claims**" means any and all actual or potential claims, counterclaims, cross claims, third-party claims, actions, causes of action, suits, liabilities, and demands for monetary relief, damages (whether actual, nominal, punitive, exemplary, statutory, or otherwise), injunctive relief, restitution, disgorgement, costs, fees, attorneys' fees, or penalties of any kind.

For the avoidance of doubt, "Claim" or "Claims" includes but is not limited to any cause of action asserted in the Lawsuits.

2.8.    "**Claim Form**" means the electronic and/or paper form(s), substantially in the form(s) that will be agreed to by Settlement Class Counsel and Discover Counsel and attached to the Motion for Preliminary Approval, that certain Settlement Class Members, as described herein, must use to submit a Settlement Claim under this Agreement.  The Claim Form shall require the following information: (a) name, mailing address, email address, and phone number; (b) TIN; (c) whether the Settlement Class Member requests payment by a method other than mailed check; and (d) confirmation that, to the best of their knowledge and belief, no other person or entity has a claim to any Settlement Payment payable to the Settlement Class Member.  Claim Forms may be submitted electronically via the Settlement Website or by mail.  To the extent the information is available in Discover's records, Discover will provide the Settlement Administrator with information needed to pre-populate the Claim Forms, and the Settlement Administrator shall pre-populate Claim Forms (electronic and hard copy claim forms sent with direct notices) with the following information as available (subject to modification by the claimant): (a) name; (b) mailing address; (c) email address; (d) phone number; and (e) TIN (with the first 5 numbers concealed on any hard copy forms included with notices).  The Claim Form shall also permit, but shall not require, claimants to submit any additional information they wish supporting that they are a member of the Settlement Class and/or concerning what portion of a MID Amount(s) they are entitled to receive under the terms of the Settlement.[1]

2.9.    "**Court**" means the United States District Court for the Northern District of Illinois.

2.10.    "**Direct End Merchant**" means an End Merchant that, according to the records of DFS Services, has, or during the Relevant Period had, a written contractual relationship directly

---

[1] The electronic Claim Form shall provide the opportunity to provide additional information and electronic payment preference information on subsequent screens after the submission of the remaining claim information.  Electronic Claim Forms shall be deemed submitted even if the claimant takes no action on such subsequent screen(s).

Docusign Envelope ID: 4C1FC98F-F395-4322-B91C-C90A78693896

with Discover allowing the End Merchant to accept Discover Credit Card Transactions without the aid of entities other than Discover (such as Merchant Acquirers or Payment Intermediaries).

2.11.   "**Discover**" means, individually and collectively, Discover Financial Services, DFS Services LLC, and Discover Bank.

2.12.   "**Discover Counsel**" means attorneys responsible for this matter at the law firm Covington & Burling LLP.

2.13.   "**Discover Credit Card Transaction**" means a transaction subject to United States pricing made for the purpose of accepting or facilitating a payment in exchange for the delivery of goods or services made using a credit card account issued by Discover Bank.

2.14.   "**Discover Released Claims**" means all claims and causes of action based upon the institution, prosecution, or settlement of the Lawsuits.

2.15.   "**Discover Released Parties**" means Settlement Class Counsel, the Settlement Class Representatives, and each Settlement Class Member, and any agents, representatives, trustees, trusts, executors, administrators, heirs, beneficiaries, estates, administrators, advisors, assigns, predecessors, and successors of any of the foregoing.

2.16.   "**Discover Releasing Parties**" means Discover Financial Services, DFS Services LLC, and Discover Bank, along with their predecessors, successors (including without limitation acquirers of all or substantially all of their assets, stock, or other ownership interests), and assigns; the past, present, and future, direct and indirect, parents, subsidiaries, and affiliates; and the past, present, and future principals, trustees, partners, officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors, assigns, representatives, heirs, executors, and administrators of any of the foregoing.

2.17.   "**Downstream**" means, for any given Discover Credit Card Transaction, all persons or entities participating in the transaction with a farther relational position from DFS Services. For example, in a Discover Credit Card Transaction involving DFS Services, a single Merchant Acquirer, a single Payment Intermediary, and an End Merchant, both the Payment Intermediary

6

and the End Merchant are Downstream from the Merchant Acquirer, and the End Merchant is Downstream from the Payment Intermediary.

2.18. "**Downstream Entities**" means all of the Downstream contractual entities involved in accepting or processing a Discover Credit Card Transaction facilitated by a particular Managed Active Direct End Merchant, Merchant Acquirer or Payment Intermediary, including all Payment Intermediaries and End Merchants.

2.19. "**Effective Date**" means the date on which all of the following events have occurred: (a) the Court has entered both the Final Approval Order and Judgment (or the substantive equivalent(s) thereof); and (b) either: (i) the time to appeal from the Final Approval Order and Judgment has expired and no appeal has been taken, or (ii) if a timely appeal of the Final Approval Order or Judgment is taken, and if the Final Approval Order and Judgment have not been reversed in any way, the date on which the Final Approval Order and Judgment are no longer subject to further direct appellate review. If Settlement Class Counsel and Discover Counsel agree in writing, the Effective Date can occur on an earlier agreed date.

2.20. "**End Merchant**" means an individual natural person or business entity that during the Relevant Period accepted a Discover Bank-issued credit card directly from a person as payment in return for the delivery of goods or services. For the avoidance of doubt, and for purposes of this Settlement, an entity characterized by Discover's rules and regulations as a "Merchant" is not necessarily an End Merchant.

2.21. "**Escrow Agent**" means the agreed-upon entity to hold the Settlement Escrow Account. The Parties agree that Citi Private Bank shall serve as Escrow Agent, subject to approval by the Court.

2.22. "**Final Approval Hearing**" means the hearing to be held by the Court for the purpose of determining whether to approve this Settlement as fair, reasonable, and adequate. The Parties agree to request that the Court hold the Final Approval Hearing two hundred ninety six (296) days after the Preliminary Approval Order is entered.

7

2.23. "**Final Approval Order**" means the order in substantially the form that will be agreed to by Settlement Class Counsel and Discover Counsel and attached to the Motion for Preliminary Approval, subject to any non-substantive modifications the Court may direct, that the Parties agree to seek to have entered by the Court to grant final approval of the Settlement and direct its consummation pursuant to the terms and conditions in this Agreement, approve the Release, and dismiss the Claims asserted in the Lawsuits with prejudice.

2.24. "**Inactive Direct End Merchant**" means a Direct End Merchant that is not an Active Direct End Merchant.

2.25. "**Indirect End Merchant**" means an End Merchant that is not a Direct End Merchant, including any person or entity that accepts or processes Discover Credit Card Transactions through Merchant Acquirers and/or Payment Intermediaries.

2.26. "**Judgment**" means the judgment in substantially the form that will be agreed to by Settlement Class Counsel and Discover Counsel and attached to the Motion for Preliminary Approval, subject to any non-substantive modifications the Court may direct, that the Parties agree to seek to have entered by the Court.

2.27. "**Lawsuits**" means, collectively, the CAPP Lawsuit (as defined in the Recitals), the Lemmo's Lawsuit (as defined in the Recitals), and the Support Animal Lawsuit (as defined in the Recitals).

2.28. "**Managed**" describes a Settlement Class Member that interacts with Discover through client relationship managers on a regular basis. The list of Managed entities was provided by Discover to Settlement Class Counsel and the Settlement Administrator on May 17, 2024, and is final as of June 28, 2024.

2.29. "**Managed Active Direct End Merchant Payment Details**" means information that Managed Active Direct End Merchants must provide to the Settlement Administrator to receive a Settlement Payment confirming (i) the appropriate entity name for payment; (ii) how and where such Settlement Payment should be sent by check or electronic payment; and (iii) that, to the best of the Managed Active Direct End Merchant's knowledge, there are no entities

Downstream to the Managed Active Direct End Merchant. If the Settlement Class Member cannot make the certification required by Section 2.29(iii) as to all of the MIDs associated with that Settlement Class Member, then the entity shall (a) make the certification required by Section 2.29(iii) as to any associated MIDs for which there are no Downstream entities, and the entity shall be considered for purposes of this Settlement as a Managed Active Direct End Merchant only as to those certified MIDs and, (b) shall provide the Settlement Administrator with the name and contact information for any Downstream Entity known by the Settlement Class Member to be associated with any non-certified MID(s).

2.30. "**Merchant Acquirer**" means an individual natural person or business entity that during the Relevant Period had an agreement with Discover to facilitate Discover Credit Card Transactions and was characterized by Discover's rules and regulations as an "Acquirer."

2.31. "**Merchant Acquirer Information**" means, for each Settlement Class Member that is a Merchant Acquirer and at any time during the Relevant Period, (a) a list of all of the Downstream Entities known to the Merchant Acquirer (by name, TIN, and MID) along with each Downstream Entity's last known mailing and email addresses, and (b) for each MID associated with the Merchant Acquirer and its Downstream Entities, documentation and/or other information supporting the allocation of each MID Amount between the Merchant Acquirer, on one hand, and the Downstream Entities to that MID, on the other hand, sufficient to reasonably demonstrate to the Settlement Administrator which portion of the MID Amount was paid individually by (i.e., is attributable to) the Merchant Acquirer, on one hand, as opposed to any of the Downstream Entities, on the other. Such documentation or information may include, for example, reliable data or documentation showing the Downstream Entities' pricing arrangement(s) with the Merchant Acquirer and the years in which such arrangement(s) were in effect, or that otherwise demonstrates that interchange fees caused by a Misclassified Card Transaction were or were not passed on to Downstream Entities.

2.32. "**Methodology**" means the formula set forth in Exhibit B for calculating the MID Amount associated with a MID.

2.33.   "**MID**" means the merchant identifier code used by Discover in its merchant acquiring systems to identify an End Merchant, or, where no such code exists, the substitute code created by the Settlement Administrator to track the MID Amount associated with an End Merchant that cannot be linked to a code used by Discover in its merchant acquiring systems to identify an End Merchant.  For the avoidance of doubt, an End Merchant may have a single MID or multiple MIDs.

2.34.   "**MID Amount**" means the amount associated with a MID, as determined using the Methodology (including Section 2.4 thereof).

2.35.   "**MID Claimant**" means a Settlement Class Member who is Payment Eligible in relation to a particular MID.

2.36.   "**MID Claimants**" means all Payment Eligible Settlement Class Members and all Non-Claiming Entities associated with a particular MID.

2.37.   "**Minimum Total Class Payout**" means $540,000,000 (five hundred forty million dollars).

2.38.   "**Misclassified Card Transaction**" means a Discover Credit Card Transaction in which, at the time of processing and according to the records of Discover, the credit card account was classified by Discover Bank as a "commercial" card product but should have been classified under Discover Bank's card classification guidelines as "rewards," "premium," or "premium plus."

2.39.   "**Motion for Preliminary Approval**" means the motion to be filed by Settlement Class Representatives seeking entry of the Preliminary Approval Order, as set forth in Section 5.1.

2.40.   "**Motion for Final Approval**" means the motion to be filed by Settlement Class Representatives seeking entry of the Final Approval Order, as set forth in Section 5.10.

2.41.   "**Non-Claimant Payment**" means a payment made or agreed to by Discover to resolve Claims regarding the Misclassified Card Transactions during the Relevant Period of a person or entity, either (i) by no earlier than July 19, 2023 (the date on which the CAPP Lawsuit was filed) and no later than the date on which Discover must submit the affidavit required by

Docusign Envelope ID: 4C1FC985-E395-4322-B91C-C90A78693896

Section 3.5.1, to any Settlement Class Member that has timely excluded itself from the Settlement Class, or (ii) by no earlier than July 19, 2023 and no later than the entry of the Preliminary Approval Order, to any person or entity who would otherwise meet the definition of a Settlement Class Member if they had not entered into an agreement with Discover to resolve the Released Claims of that person or entity (i.e., the entities listed on Exhibit A).

2.42. "**Non-Claiming Entity**" means a Merchant Acquirer, Payment Intermediary, or End Merchant that is either (a) not a Settlement Class Member, either (1) by function of the Settlement Class definition or (2) due to the person or entity's timely and valid Request for Exclusion, or (b) is not Payment Eligible.

2.43. "**Notice**" means the notice of the terms of the proposed Settlement.

2.44. "**Notice and Settlement Administration Costs**" means all fees, costs, and other expenses, without limitation, relating to the Settlement Administrator's implementation and administration of the Settlement, as well as the costs and expenses of the Escrow Agent. Notice and Settlement Administration Costs shall be paid by Discover in addition to (i.e., on top of) the Settlement Payments to Settlement Class Members.

2.45. "**Notice Date**" means the date on which the Notice Program commences, which shall occur no later than forty five (45) days after the entry date of the Preliminary Approval Order.

2.46. "**Notice Program**" means the procedures to disseminate Notice to the Settlement Class that will be agreed to by Settlement Class Counsel and Discover Counsel and attached to the Motion for Preliminary Approval.

2.47. "**Objection Deadline**" means the last day a Settlement Class Member may submit, file, or mail any objection to the Settlement. The Parties shall propose that the Court set the Objection Deadline as two hundred forty (240) days after the Court enters the Preliminary Approval Order.

2.48. "**Opt-Out Deadline**" means the last day a Settlement Class Member may validly exclude itself from the Settlement Class. The Parties shall propose that the Court set the Opt-Out Deadline as two hundred forty (240) days after the Court enters the Preliminary Approval Order.

11

2.49.    "**Parties**" means the Settlement Class Representatives and Discover, collectively.

2.50.    "**Payment Account Information**" means, where a Settlement Class Member has requested the distribution of a Settlement Payment by ACH, the routing and account number for the bank or credit union account to which they want such payment sent/credited.

2.51.    "**Payment Eligible**" describes a Settlement Class Member who is eligible to receive a Settlement Payment in connection with the Settlement, either because the Settlement Class Member is a/an:

2.51.1. Unmanaged Active Direct End Merchant that has not submitted a timely and valid Request for Exclusion and has a positive Total Allocated MID Amount;

2.51.2. Managed Active Direct End Merchant that has not submitted a timely and valid Request for Exclusion and has a positive Total Allocated MID Amount and has timely provided Managed Active Direct End Merchant Payment Details;

2.51.3. Inactive Direct End Merchant, Indirect End Merchant, Merchant Acquirer, or Payment Intermediary that has not submitted a timely and valid Request for Exclusion and has submitted a timely and valid Settlement Claim.

2.52.    "**Payment Intermediary**" means a business entity (or portion of that entity's business) that during the Relevant Period processed a Discover Credit Card Transaction on behalf of a Downstream Entity, but that is neither a Merchant Acquirer nor an End Merchant.

2.53.    "**Payment Intermediary Information**" means, for each Settlement Class Member who is a Payment Intermediary and at any time during the Relevant Period, (a) a list of all of the Downstream Entities known to that Payment Intermediary (by name, TIN, and, if available, MID) along with each Downstream Entity's last known mailing and email addresses; and (b) for each MID associated with the Payment Intermediary and its Downstream Entities, documentation and/or other information supporting the allocation of each MID Amount between the Payment Intermediary, on one hand, and the Downstream Entities to that MID, on the other hand, sufficient to reasonably demonstrate to the Settlement Administrator which portion of the MID Amount was paid individually by (i.e., attributable to) the Payment Intermediary, on one hand, as opposed to

12

any of the Downstream Entities, on the other. Such documentation or information may include, for example, reliable data or documentation showing the Downstream Entities' pricing arrangement(s) with the Payment Intermediary and the years in which such arrangement(s) were in effect, or that otherwise demonstrates that interchange fees caused by Misclassified Card Transactions were or were not passed on to Downstream Entities.

2.54.    "**Plaintiffs**" means, collectively, each of the named plaintiffs in the Lawsuits.

2.55.    "**Preliminary Approval Order**" means the order in substantially the form that will be agreed to by Settlement Class Counsel and Discover Counsel and attached to the Motion for Preliminary Approval, subject to any non-substantive modifications as the Court may direct, that the Parties agree to seek to have the Court enter that concludes that the Court will likely be able to approve the Settlement reflected in this Agreement, orders Notice be provided to the Settlement Class, and certifies the Settlement Class for settlement purposes only.

2.56.    "**Release**" means the releases and waivers described in Section 3.7 of this Agreement and in the Final Approval Order.

2.57.    "**Released Claims**" means any and all Claims based in any way on conduct that occurred prior to the date of execution of this Agreement that the Settlement Class Representatives or any Settlement Class Member ever had, now have, or may have in the future had, arising out of or in any way relating to the Misclassified Card Transactions during the Relevant Period. "Released Claims" does not include any Claims based on damages that Discover shareholders may have incurred as a result of any alleged violations of any securities laws, including the claims asserted in the case styled *KBC Asset Management N.V. v. Discover Financial Services*, No. 23-cv-6788 (N.D. Ill.) and the claims asserted in the case styled *In re Discover Financial Services Derivative Litigation*, No. 23-cv-1102 (D. Del.).

2.58.    "**Released Parties**" means Discover Financial Services, DFS Services LLC, and Discover Bank, with their predecessors, successors (including without limitation acquirers of all or substantially all of their assets, stock, or other ownership interests), and assigns; the past, present, and future, direct and indirect, parents, subsidiaries, and affiliates; and the past, present,

Docusign Envelope ID: 4C1FC985-F395-4322-B91C-C90A78693896

and future principals, trustees, partners, officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors, assigns, representatives, heirs, executors, and administrators of any of the foregoing.

2.59. "**Releasing Parties**" means the Settlement Class Representatives and each Settlement Class Member (except those who timely and validly exclude themselves from the Settlement Class pursuant to the provisions of this Agreement), on behalf of themselves and any other legal or natural persons or entities who or which may claim by, through, or under them, and any agents, representatives, trustees, trusts, executors, administrators, heirs, beneficiaries, estates, administrators, advisors, assigns, predecessors, and successors of any of the foregoing.

2.60. "**Relevant Period**" means January 1, 2007 through December 31, 2023.

2.61. "**Request for Exclusion**" means a timely request by a Settlement Class Member for exclusion from the Settlement Class made pursuant to the provisions of Section 5.7 of this Agreement.

2.62. "**Service Awards**" means any awards approved by the Court to the Settlement Class Representatives in recognition of their efforts and commitment in the Lawsuits on behalf of the Settlement Class, in amount(s) to be determined by the Court (not to exceed $7,500.00 each).

2.63. "**Settlement**" means the settlement contemplated by the terms of this Agreement.

2.64. "**Settlement Administrator**" means Epiq Class Action & Claims Solutions, Inc., subject to Court approval. The Settlement Administrator shall perform the duties and services contemplated by this Agreement and such other reasonable services to effectuate the Settlement, as are required by law, as are agreed to by the written consent of both Settlement Class Counsel and Discover Counsel, and as approved by the Court.

2.65.   "**Settlement Base Payment**" means the payment to be made to qualifying Settlement Class Members based on the methodology set forth in Section 3.5.4.

2.66.   "**Settlement Base Payment Maximum**" means $50,000,000.00 (Fifty Million Dollars), which is the maximum amount that Discover is obligated to pay in the aggregate as Settlement Base Payments, unless the provisions of Section 3.5.5 apply.

2.67.   "**Settlement Claim**" means a claim to receive a Settlement Payment submitted in the form applicable to the Settlement Class Member as described in Sections 3.3.4 through 3.3.6 of this Agreement.

2.68.   "**Settlement Claim Deadline**" means the date by which a Settlement Class Member (other than Active Direct End Merchants) must submit a Settlement Claim to the Settlement Administrator under this Agreement in order for the Settlement Claim to be deemed valid and receive a Settlement Payment.  The Parties shall propose that the Court set the Settlement Claim Deadline as two hundred ninety four (294) days after the Court enters the Preliminary Approval Order.

2.69.   "**Settlement Class**" means, for purposes of the Settlement and the proceedings contemplated in this Agreement for effectuating the Settlement, a settlement class under Federal Rule of Civil Procedure 23(a), 23(b)(3), and 23(e), defined as: all End Merchants, Merchant Acquirers, and Payment Intermediaries involved in processing or accepting a Misclassified Card Transaction during the Relevant Period.   The entities and individuals listed on Exhibit A are excluded from the Settlement Class, even if they meet the foregoing definition.

2.70.   "**Settlement Class Counsel**" means Roger N. Heller of Lieff Cabraser Heimann & Bernstein LLP, Catherine Pratsinakis of Dilworth Paxson LLP, and Taras Kick of The Kick Law Firm, APC.

2.71.   "**Settlement Class Member**" means a member of the Settlement Class.  Each entity with a unique TIN shall be considered a single Settlement Class Member, even if the Settlement Class Member is Payment Eligible under more than one provision of Sections 3.3.1 through 3.3.6 of this Agreement.

Docusign Envelope ID: 4C1FC985-F395-4322-B91C-C90A78693896

2.72. "**Settlement Class Representatives**" means Plaintiffs CAPP, Inc.; Young Peoples Day Camps Inc.; Prayus Group LLC; Lemmo's Pizzeria, LLC; and Lennys Casita, LLC.

2.73. "**Settlement Escrow Account**" means the escrow account managed by the Escrow Agent used to make Settlement Payments made pursuant to the Settlement.

2.74. "**Settlement Payment**" means the amount payable to a Payment Eligible Settlement Class Member, as calculated pursuant to Section 3.5 of this Agreement.

2.75. "**Settlement Website**" means the website that is to be created for notice, claims submission, and settlement administration purposes by the Settlement Administrator in the manner contemplated in this Agreement.

2.76. "**TIN**" means the Taxpayer Identification Number assigned by the Internal Revenue Service ("IRS") or Social Security Administration and used by the IRS in the administration of tax laws.

2.77. "**Total Allocated MID Amount**" means, for each Settlement Class Member or Non-Claiming Entity, the total of the Allocated MID Amount(s) for every MID associated with that Settlement Class Member or Non-Claiming Entity.

2.78. "**Total Non-Claimant Payments**" means the total aggregate amount of any Non-Claimant Payment(s) made by Discover.

2.79. "**Total Settlement Payout**" means the sum of: (a) $1,225,311,279 plus (b) the aggregate of all Annual MID Interest Amounts through the date of the Escrow Final Funding Date as set forth in Section 5.11 of this Agreement.

2.80. "**Unmanaged**" describes a Settlement Class Member that is not Managed.

## 3. SETTLEMENT TERMS

### 3.1. Certification of Settlement Class.

3.1.1. Only for the purposes of the Settlement and the proceedings contemplated herein for effectuating the Settlement, the Parties agree that Plaintiffs shall move the Court to provisionally certify the Settlement Class, as defined in Section 2.69 of this Agreement, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(3), and 23(e).

3.1.2.   Only for the purposes of the Settlement and the proceedings contemplated herein for effectuating the Settlement, the Parties agree that Settlement Class Counsel shall move for the appointment of Settlement Class Representatives as representatives of the Settlement Class and the following attorneys as Settlement Class Counsel:  Roger N. Heller of Lieff Cabraser Heimann & Bernstein LLP, Catherine Pratsinakis of Dilworth Paxson LLP, and Taras Kick of The Kick Law Firm, APC.

3.1.3.   The Parties expressly recognize and agree that any preliminary or final order certifying the Settlement Class and appointing Settlement Class Representatives and Settlement Class Counsel shall be of no force or effect, and has no evidentiary significance, outside of enforcing or effecting the terms of this Agreement.  By entering into this Agreement, Discover does not waive its right to challenge or contest the maintenance of any lawsuit against it as a class action and to oppose certification of any class other than the Settlement Class in connection with the Settlement.

3.2.   **Settlement Consideration.**  In consideration for the complete and final settlement of the Lawsuits, the Releases, and the other promises and covenants set forth in this Agreement, and subject to the other terms and conditions herein, Discover agrees to the implementation of the notice and claims process set forth in this Agreement and to pay the Settlement Payments as calculated pursuant to Section 3.5 of this Agreement.  As set forth in further detail in this Agreement, in addition to (i.e., on top of) the Settlement Payments to Payment Eligible Settlement Class Members, Discover also agrees to pay any Court-awarded Attorneys' Fees and Expenses, any Court-awarded Service Awards, and all Notice and Settlement Administration Costs. Discover shall have no other monetary obligations under this Agreement and in connection with the Settlement.

3.3.   **Settlement Claims Process.**  The process by which Settlement Class Members will be entitled to receive a Settlement Payment shall be as follows:

3.3.1.   <u>Unmanaged Active Direct End Merchants</u>.  Each Unmanaged Active Direct End Merchant shall be automatically deemed Payment Eligible, and shall be issued a

Settlement Payment (calculated pursuant to Section 3.5 of this Agreement) in check form based on the then-current address information on file with Discover (unless otherwise modified in writing by the Unmanaged Active Direct End Merchant), without the need to submit a Settlement Claim.

    3.3.2. <u>Managed Active Direct End Merchants</u>. Each Managed Active Direct End Merchant shall be automatically deemed Payment Eligible, and shall be issued a Settlement Payment (calculated pursuant to Section 3.5 of this Agreement) in the manner described in the Managed Active Direct End Merchant Payment Details without the need to submit a Settlement Claim, as long as they provide the Settlement Administrator with their Managed Active Direct End Merchant Payment Details in writing or by electronic submission by the Settlement Claim Deadline. The Settlement Administrator will make reasonable efforts to obtain (i) Managed Active Direct End Merchant Payment Details, including at least two follow up attempts at least thirty (30) days in advance of the Settlement Claim Deadline for those Managed Active Direct End Merchants that have not yet provided the Managed Active Direct End Merchant Payment Details, and (ii) the name and contact information for any Downstream Entity known by the Settlement Class Member to be associated with any non-certified MID(s). Where the Settlement Administrator receives such information from a Managed Active Direct End Merchant about a Downstream Entity associated with non-certified MID(s), the Settlement Administrator shall make reasonable efforts to obtain from such Downstream Entity the information corresponding to Section 2.29(i)-(iii) for such Downstream Entity and MID(s); if the Downstream Entity provides such information to the Settlement Administrator (including the corresponding certification in Section 2.29(iii)), in writing or by electronic submission within sixty (60) days after being contacted by the Settlement Administrator, such Downstream Entity shall be automatically deemed Payment Eligible, and shall be issued a Settlement Payment (calculated pursuant to Section 3.5 of this Agreement) without the need to submit a Settlement Claim.

Docusign Envelope ID: 4C1FC985-F395-4322-B91C-C90A78693896.

3.3.3.   The following process shall be used to determine which Settlement Class Members qualify as Managed Active Direct End Merchants and Unmanaged Active Direct End Merchants:

3.3.3.1.   Within seven (7) days of the entry of the Preliminary Approval Order, Discover shall provide the Settlement Administrator with a list of the Active Direct End Merchants within subsection (a) of Section 2.1 of this Agreement, including for each of them: (a) name; (b) contact information; (c) TIN; and (d) associated MID(s) and MID Amount(s).

3.3.3.2.   Within seven (7) days of entry of the Preliminary Approval Order, Discover shall provide the Settlement Administrator with a list of Direct End Merchants that are **not** within subsection (a) of Section 2.1 of this Agreement, including for each of them: (a) name; (b) contact information; (c) TIN; and (d) associated MID(s) and MID Amount(s).  The Settlement Administrator shall work with Discover, and in consultation with Settlement Class Counsel, to identify Unmanaged Active Direct End Merchants within subsection (b) of Section 2.1 of this Agreement.

3.3.4.   <u>Inactive Direct End Merchants and Indirect End Merchants</u>.  Inactive Direct End Merchants and Indirect End Merchants that submit a valid Claim Form by the Settlement Claim Deadline shall be issued a Settlement Payment (calculated pursuant to Section 3.5 of this Agreement).

3.3.5.   <u>Merchant Acquirers</u>:  Merchant Acquirers that submit a valid Claim Form by the Settlement Claim Deadline shall be issued a Settlement Payment (calculated pursuant to Section 3.5 of this Agreement) if, in addition to the Claim Form, they provide to the Settlement Administrator their Merchant Acquirer Information within one hundred and five (105) days after the date of entry of the Preliminary Approval Order.

3.3.6.   <u>Payment Intermediaries</u>:  Payment Intermediaries that submit a valid Claim Form by the Settlement Claim Deadline shall be issued a Settlement Payment (calculated

Docusign Envelope ID: 4C1FC985-F395-4322-B91C-C90A78693896

pursuant to Section 3.5 of this Agreement) if, in addition to the Claim Form, they provide to the Settlement Administrator their Payment Intermediary Information within two hundred ten (210) days after the date of entry of the Preliminary Approval Order.

3.3.7.  <u>Additional Efforts to Obtain Merchant Acquirer Information and Payment Intermediary Information</u>.  For any Merchant Acquirers or Payment Intermediaries that do not provide on a timely basis, as applicable, Merchant Acquirer Information or Payment Intermediary Information that can be obtained through commercially reasonable means, including to the extent they provide Merchant Acquirer Information or Payment Intermediary Information that is not sufficient to reasonably demonstrate to the Settlement Administrator how to allocate MID Amounts, the Settlement Administrator shall take additional steps to try to obtain such information.  Any information obtained by the Settlement Claim Deadline shall be deemed the same as if the Merchant Acquirer or Payment Intermediary had submitted such information by the deadline set forth in Sections 3.3.5 and 3.3.6 of this Agreement, and shall considered by the Settlement Administrator, including: (a) as practicable based on when the information is obtained for purposes of providing notice to the Settlement Class under Section 5.4; (b) allocating MID Amounts under Section 3.4; and (c) calculating the Settlement Payment due to Payment Eligible Settlement Class Members under Section 3.5.

3.3.8.  The Parties acknowledge that a single Settlement Class Member could qualify for a Settlement Payment under multiple provisions of Section 3.3.1 – Section 3.3.6, depending on the nature of its relationship with Discover and potentially Downstream Entities.  For the avoidance of doubt, a Settlement Class Member is only entitled to a Settlement Payment without submitting a Settlement Claim for the portion of any MID that arises out of the Settlement Class Member's relationship with Discover as (i) an Unmanaged Active Direct End Merchant or (ii) a Managed Active Direct End Merchant (or corresponding identified Downstream Entity associated with non-certified MID(s) pursuant to the terms of Section 3.3.2), if the Managed Active Direct End Merchant

Docusign Envelope ID: 4C1FC985-F395-4322-B91C-C90A78693896

timely provides Managed Active Direct End Merchant Payment Details; that Settlement Class Member must submit a Settlement Claim to be eligible to receive a Settlement Payment in connection with the portion of any MID that arises out of any other aspect of the Settlement Class Member's relationship with Discover. If the Settlement Class Member's relationship with Discover is covered by multiple provisions of Section 3.3.4 – Section 3.3.6, then the Settlement Class Member must provide the corresponding information for each in order for the Settlement Class Member's claim for that applicable provision to be deemed valid. All references to a Settlement Class Member's eligibility for a Settlement Payment, other than those in Section 3.5.4, shall be understood to refer individually to the portion of the Settlement Class Member's claim under each of the provisions of Sections 3.3.1 – 3.3.6, and not to any aggregate rights across those categories. Upon request from a Settlement Class Member, the Settlement Administrator shall assist the Settlement Class Member in determining which provision of Section 3.3.1 – Section 3.3.6 applies to the Settlement Class Member. If a Settlement Class Member seeks a Settlement Payment (including by submitting a Settlement Claim) under a provision of Sections 3.3.1 – 3.3.6 and the Settlement Administrator determines, based on information reasonably available to the Settlement Administrator, that the Settlement Claim should have been provided under a different provision of Section 3.3.1 – Section 3.3.6, the Settlement Administrator shall work with the Settlement Class Member as may be necessary to supplement the Settlement Claim.

3.3.9. The Settlement Administrator shall be responsible for reviewing, maintaining records of, and determining the validity or completeness (as applicable) of all submitted Claim Forms and all additional information submitted by End Merchants, Merchant Acquirers and Payment Intermediaries, including Merchant Acquirer Information and Payment Intermediary Information. The Settlement Administrator, in conjunction with the Parties, shall use responsible, adequate, and customary procedures and standards to identify and prevent the issuance of Settlement Payments to those who

submit fraudulent, untimely, or invalid Settlement Claims; may reject Settlement Claims that are invalid or evidence fraud or abuse; and shall otherwise prevent fraud, waste, and abuse in the claims process. Claim Forms that contain sufficient information for the Settlement Administrator to review and process a Settlement Claim shall not be deemed invalid solely on the basis that the claimant fails to provide information that is expressly optional or that is otherwise not necessary to process the claim or perform MID Amount allocations under Section 3.4 (e.g., phone number not included). For the avoidance of doubt, Settlement Claims submitted by Settlement Class Members shall not be deemed invalid on the basis that the Settlement Administrator determines there are no Allocated MID Amount(s) for that Settlement Class Member. Settlement Claims submitted by entities that Discover demonstrates have agreed to or received a Non-Claimant Payment shall be deemed invalid. Determination of the validity of all Settlement Claims shall occur within thirty (30) days of the date of entry of the Final Approval Order. All Settlement Claims that the Settlement Administrator deems invalid or untimely shall be identified and presented to the Parties, who shall meet-and-confer over the validity and timeliness of any such Settlement Claim(s). If the Parties cannot agree whether a Settlement Claim is valid or timely, the Settlement Administrator shall have final authority to determine whether that Settlement Claim is valid and timely.

3.4. **Allocation of MID Amounts.** Within one hundred sixty five (165) days after the Effective Date, the Settlement Administrator, in consultation with Discover, Discover Counsel, and Settlement Class Counsel, shall determine:

3.4.1. for each MID associated with any timely and valid Settlement Claim, the associated MID Claimants; and

3.4.2. the portion or percentage of the MID Amount attributable to each of the MID Claimants (i.e., the "Allocated MID Amount"), which shall be based on all information made available to the Settlement Administrator, including information gathered by the reasonable efforts of the Settlement Administrator (through the claims

process contemplated by this Settlement, follow up efforts, or otherwise), Settlement Class Counsel, or Discover (e.g., through information sharing agreements or otherwise) to obtain information sufficient to determine the allocation of the MID Amount among the MID Claimants, including any Non-Claiming Entity or Entities associated with the same MID. MID Allocations shall be based only on information sufficient to reasonably demonstrate to the Settlement Administrator that the Allocated MID Amount is properly allocated to each of the MID Claimants. In making the allocations, the Settlement Administrator may consider all available reliable evidence provided from any source. The Allocated MID Amount calculated by the Settlement Administrator for any MID Claimant shall not include any portion of the MID Amount determined by the Settlement Administrator to be payable/attributable to another MID Claimant or to a Non-Claiming Entity. By way of illustration:

3.4.2.1. the Allocated MID Amount for Merchant Acquirers (including Merchant Acquirers that are Non-Claiming Entities) may be calculated by the Settlement Administrator as the portion of the MID Amount that the Merchant Acquirer demonstrates via the Merchant Acquirer Information that it paid individually (as opposed to portions passed through to Payment Intermediaries or End Merchants);

3.4.2.2. the Allocated MID Amount for Payment Intermediaries (including Payment Intermediaries that are Non-Claiming Entities) may be calculated by the Settlement Administrator as the portion of the MID Amount that the Payment Intermediary demonstrates via the Payment Intermediary Information that it paid individually (as opposed to portions paid by a Merchant Acquirer or other Payment Intermediaries or passed through to further Payment Intermediaries or End Merchants);

3.4.2.3. the Allocated MID Amount for Class Members initially identified as Managed Active Direct End Merchants may be calculated by the Settlement

Administrator as the full MID Amount for each MID associated with the Managed Active Direct End Merchant, unless (i) the Managed Active Direct End Merchant did not make the certification required by Section 2.29(iii) as to that MID, or (ii) another MID Claimant for an associated MID submits a timely Settlement Claim for all or a portion of such MID Amount. In either case, and for that MID only, the Settlement Administrator shall determine the Allocated MID Amounts as if the Managed Active Direct End Merchant had timely submitted Settlement Claims for that MID, and the portion of any Settlement Payment any Managed Active Direct End Merchant shall be entitled to receive under Section 3.5.2 shall be based on this Allocated MID Amount;

      3.4.2.4.   the Allocated MID Amount for Non-Claiming Entities may be calculated by the Settlement Administrator as the portion of the MID Amount that information provided to the Settlement Administrator demonstrates was paid by the Non-Claiming Entity (as opposed to passed through to a Downstream Entity or otherwise paid by another entity). On its own, the mere fact that a Non-Claiming Entity has received or made a claim to receive a Non-Claimant Payment is not determinative. Evidence of the amount that Discover has paid, agreed to pay, or proposed to pay a Non-Claiming Entity in connection with a MID, up to the MID Amount as calculated under the Methodology, shall be considered reliable evidence that the MID Amount or, as applicable, any portion thereof should be allocated to that entity if supported by sufficient information beyond mere existence of the payment, agreement, or proposal to pay;

      3.4.2.5.   the Allocated MID Amount for all other End Merchants (including End Merchants that are Non-Claiming Entities) may be calculated by the Settlement Administrator as the portion of the MID Amount that the End Merchant demonstrates based on reliable evidence that it paid individually, or as any portion of the MID Amount not claimed by a Merchant Acquirer or a Payment Intermediary

(including Non-Claiming Entities that are Merchant Acquirers or Payment Intermediaries).

3.4.3.   To the extent (a) sufficient Merchant Acquirer Information or Payment Intermediary Information is not provided for a MID (including following the additional efforts to obtain such information pursuant to Section 3.3.7 of this Agreement) by the Settlement Claim Deadline; (b) there is a corresponding End Merchant that has submitted a timely and valid Settlement Claim; and (c) all or any portion of the MID Amount for the MID has not been determined by the Settlement Administrator, pursuant to Section 3.4.2, to be payable to a Non-Claiming Entity based on information provided by or about the Non-Claiming Entity, the Allocated MID Amount for the End Merchant for that MID shall be equal to the full MID Amount for that MID.

3.4.4.   If the Settlement Administrator cannot independently calculate the Allocated MID Amount for any MID associated with any timely and valid Settlement Claim due to incomplete or conflicting information in the Merchant Acquirer Information, Payment Intermediary Information, and any additional information obtained pursuant to Section 3.3.7 of this Agreement, the Settlement Administrator shall promptly consult with Discover, Discover Counsel, and Settlement Class Counsel regarding how the MID Amount shall be allocated among MID Claimants, including regarding the extent to which it is appropriate, in making such allocation, to account for any corresponding Non-Claimant Payments. Where it is appropriate to account for Non-Claimant Payments, in no event shall Non-Claimant Payment(s) be accounted for in excess of the Allocated MID Amount for that MID and the Non-Claimant Payment payee(s).

3.4.5.   The allocations and calculations described in this Section 3.4 shall be performed in such a way that under no circumstances shall the aggregate of the Allocated MID Amount(s) for a MID (including any Allocated MID Amount(s) determined by the Settlement Administrator to be properly attributable to an Non-Claimant Payment payee) equal more than the MID Amount for that MID.

3.5.    **Settlement Payment Calculation.**  Within two hundred thirty (230) days after the Effective Date, and unless the Parties mutually agree to another date when this calculation may be performed for a particular Payment Eligible Settlement Class Member, the Settlement Administrator shall calculate the Settlement Payment payable to each Payment Eligible Settlement Class Member as follows:

3.5.1.  <u>Calculation of Total Non-Claimant Payments</u>.  Within one hundred thirty five (135) days after the Effective Date, Discover shall provide to the Settlement Administrator and, as directed by the Court in the Preliminary Approval Order or other Court order, to Settlement Class Counsel an affidavit verifying all Non-Claimant Payments, including a breakdown of the individual payments (by recipient and associated MIDs) comprising the Total Non-Claimant Payments.  The Settlement Administrator and Settlement Class Counsel shall not further distribute this information except as directed by Court order or with Discover's written agreement.  The Settlement Administrator shall then promptly calculate the "Adjusted Total Non-Claimant Payment," as defined above.  In addition, within one hundred thirty five (135) days after the Effective Date, Discover shall provide to the Settlement Administrator and, as directed by the Court in the Preliminary Approval Order or other Court order, to Settlement Class Counsel an affidavit verifying all payments that Discover has proposed to pay a Non-Claiming Entity in connection with a MID, including a breakdown of the individual payments (by recipient and associated MIDs) comprising all such proposed payments.

3.5.2.  <u>Settlement Payment Calculation for Unmanaged Active Direct End Merchants and Managed Active Direct End Merchants</u>.  Unless the provisions of Sections 3.5.4, 3.5.5, or 3.5.6 apply, to the extent the Settlement Class Member is entitled to a Settlement Payment as an Unmanaged Active Direct End Merchant or Managed Active Direct End Merchant (that timely provides Managed Active Direct End Merchant Payment Details) without the need to submit a Settlement Claim, that Settlement Payment will be

equal to the MID Amount for every MID associated with that Settlement Class Member's relationship with Discover as an Active Direct End Merchant.

3.5.3. <u>Settlement Payment Calculation for Other Payment Eligible Class Members</u>. Unless the provisions of Section 3.5.4, 3.5.5, or 3.5.6 apply, to the extent the Settlement Class Member is entitled to a Settlement Payment as an Inactive Direct End Merchant, an Indirect End Merchant, a Merchant Acquirer, or a Payment Intermediary, the Settlement Payment will be equal to the Allocated MID Amount (as determined through the provisions of Section 3.4) for that Settlement Class Member for every MID associated with that Settlement Class Member's Settlement Claim (i.e., the "Total Allocated MID Amount").

3.5.4. <u>Base Payments for Payment Eligible Class Members if MID-Based Settlement Payment is Less Than $10.00</u>. If the total Settlement Payment for a Payment Eligible Settlement Class Member is calculated under Section 3.5.2 and Section 3.5.3 to be less than $10.00, then the Settlement Class Member is a Base Payment Eligible Settlement Class Member and shall receive a Settlement Class Payment calculated as follows and subject to the following limitations:

3.5.4.1. If the total Settlement Payment payable to the Settlement Class Member under the provisions of Section 3.5.2 and Section 3.5.3 is equal to or less than $0.00, then, subject to the provisions of Sections 3.5.4.3, 3.5.5, and 3.5.6, the Settlement Class Member shall receive a Settlement Base Payment of $10.00.

3.5.4.2. If the total Settlement Payment payable to the Settlement Class Member under the provisions of Section 3.5.2 and Section 3.5.3 is between $0.01 and $9.99, then, subject to the provisions of Sections 3.5.4.3, 3.5.5, and 3.5.6, the Settlement Class Member shall receive, in addition to the Settlement Payment calculated through Sections 3.5.2 and 3.5.3, a Settlement Base Payment in an amount reflecting the difference between $10.00 and the Settlement Payment owed to that Settlement Class Member under the provisions of Sections 3.5.2 and 3.5.3.

27

3.5.4.3. The total amount of Settlement Base Payments that Discover is obligated to pay under this Settlement Agreement shall not exceed the Settlement Base Payment Maximum, unless the provisions of Section 3.5.5 apply, in which case the amount of each Settlement Base Payment shall be increased on a pro rata basis. Otherwise, the amount of each Settlement Base Payment shall be reduced on a pro rata basis until the total amount of Settlement Base Payments reaches the Settlement Base Payment Maximum.

3.5.4.4. A Settlement Class Member is only eligible to receive a maximum of one Settlement Base Payment, regardless of how many MIDs are associated with the Settlement Class Member.

3.5.5. <u>Increases to Settlement Payments to Meet Minimum Total Class Payout</u>. If the total of the Settlement Payments due to all Payment Eligible Settlement Class Members under the provisions of Sections 3.5.2 through Section 3.5.4, together with the Minimum Adjusted Total Non-Claimant Payment, does not exceed the Minimum Total Class Payout, then each Payment Eligible Settlement Class Member's Settlement Payment shall be increased on a pro rata basis until the total amount of Settlement Payments, together with the Minimum Adjusted Total Non-Claimant Payments, reaches the Minimum Total Class Payout.

3.5.6. <u>Total Settlement Payout</u>. If the total of the Settlement Payments due to all Payment Eligible Settlement Class Members under the provisions of Sections 3.5.2 through 3.5.4, together with the Adjusted Total Non-Claimant Payment, exceeds the Total Settlement Payout, then each Payment Eligible Settlement Class Member's Settlement Payment shall be decreased on a pro rata basis until the total amount of Settlement Payments, together with the Adjusted Total Non-Claimant Payments, reaches the Total Settlement Payout.

3.5.7. **Settlement Payment Tax Implications.** Neither Settlement Class Counsel nor Discover or Discover Counsel are providing any opinion or advice as to the tax consequences

or liabilities of Settlement Class Members as a result of any payments or benefits under this Agreement. Nothing in this Agreement should be relied upon by any Settlement Class Member as the provision of tax advice. Each Settlement Class Member's tax consequences or liabilities, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that each Settlement Class Member's federal, state, or foreign tax consequences or liabilities may vary depending on the particular circumstances of each individual Settlement Class Member. Settlement Class Members shall hold Discover, Discover Counsel, and Settlement Class Counsel harmless from any federal, state, or foreign tax assessments, interest, and/or penalties that result for any amounts paid or benefits provided under this Agreement, and Discover shall not be liable for the payment of any additional amounts now or in the future for any amount related to a Settlement Class Member's tax consequences.

       3.5.8. **Dissolved, Deceased, or Bankrupt Settlement Class Members.** Nothing in this Agreement shall prevent a Settlement Payment from being provided, upon appropriate proof, to, or for the benefit of, an otherwise eligible Settlement Class Member, or that Settlement Class Member's successor or legal representative, notwithstanding that Settlement Class Member's dissolution, death, or bankruptcy (whether discharged or ongoing), in accordance with applicable law.

       3.6. **Attorneys' Fees and Costs; Service Awards.**

       3.6.1. No later than one hundred and twenty five (125) days after the date of entry of the Preliminary Approval Order, Settlement Class Counsel may file a motion with the Court requesting an award of attorneys' fees (in an amount not to exceed $25,000,000.00) and reimbursement of litigation expenses (in an amount not to exceed $1,000,000.00). Settlement Class Counsel's entitlement to Attorneys' Fees and Expenses will be determined by the Court. The Settlement is not and shall not be conditioned upon Court approval of Attorneys' Fees and Expenses. In the event the Court declines the request for Attorneys' Fees and Expenses or awards less than the amount sought, but otherwise approves the Settlement contemplated by this

Docusign Envelope ID: 4C1FC985-F395-4322-B91C-C90A78693896

Agreement, the remaining provisions of this Agreement will continue to be effective and enforceable by the Parties.

3.6.2.   Settlement Class Counsel shall have the sole and absolute discretion to allocate any Attorneys' Fees and Expenses award among Plaintiffs' counsel.  Discover shall have no liability or other responsibility for allocation of any Attorneys' Fees and Expenses awarded, and, in the event that any dispute arises relating to the allocation of Attorneys' Fees and Expenses, Settlement Class Counsel and Plaintiffs' counsel agree to hold Discover harmless from any and all such liabilities, costs, and expenses of such dispute.

3.6.3.   Discover shall pay the Court-awarded Attorneys' Fees and Expenses in addition to (i.e., on top of) the Settlement Payments to Settlement Class Members within ten (10) days after the date of Judgment or the order awarding Attorneys' Fees and Expenses (whichever comes last), notwithstanding the existence of any timely filed objections or potential for appeal therefrom, or collateral attack on the Settlement or any part hereof.  Discover shall pay any Court-awarded Attorneys' Fees and Expenses by wire to an account specified by Settlement Class Counsel.  In the event this Agreement is terminated or invalidated for any reason, including if the Effective Date does not occur, or if the order awarding Attorneys' Fees and Expenses is reversed or modified on appeal, Settlement Class Counsel jointly and severally guarantee that any and all fees and expenses paid to Settlement Class Counsel will be returned to Discover within 14 days of such termination or entry of an order on appeal reversing final approval or reversing or modifying the fee and expense award.

3.6.4.   Settlement Class Representatives and Settlement Class Counsel may ask the Court, as part of and at the same time as the application for Attorneys' Fee and Expenses, to award Plaintiffs Service Awards in an amount not to exceed $7,500.00 per Settlement Class Representative. Any request for Service Awards will be based on Settlement Class Representatives' time, effort, and commitment in the Lawsuits, and will not be based or conditioned upon Settlement Class Representatives' support for the Settlement. Any Service Awards awarded by the Court shall be paid by Discover, in addition to (i.e., on top of) the

Settlement Payments to Settlement Class Members, within fourteen (14) calendar days of the later of the Effective Date or the date that Discover receives all information necessary to process these payments. The Settlement is not and shall not be conditioned upon Court approval of Service Awards. In the event the Court declines the request for Service Awards or awards less than the amount sought, but otherwise approves the Settlement contemplated by this Agreement, the remaining provisions of this Agreement will continue to be effective and enforceable by the Parties.

3.6.5. Settlement Class Representatives' and Settlement Class Counsel's application for Attorneys' Fees and Expenses and Service Awards shall be promptly posted on the Settlement Website after it is filed.

3.7. **Releases and Waivers of Rights.**

3.7.1. **Release by Releasing Parties.** Upon the occurrence of the Effective Date, and in addition to and not in lieu of the preclusive effect of the dismissal of the Lawsuits with prejudice, the Releasing Parties release, relinquish, and forever discharge each of the Released Parties from any and all Released Claims. The Releasing Parties covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, against any of the Released Parties.

3.7.2. **Additional General Release by Plaintiffs.** Upon the Effective Date, Plaintiffs also agree to generally release, relinquish, and forever discharge Released Parties from any and all Claims that Plaintiffs could have asserted against Discover as of the date of the Execution Date, regardless of whether Plaintiffs know of any such Claim(s).

3.7.3. **Release by Discover Releasing Parties.** Upon the occurrence of the Effective Date, the Discover Releasing Parties release, relinquish, and forever discharge each of the Discover Released Parties from any and all Discover Released Claims. The Discover Releasing Parties covenant and agree that, upon the occurrence of the Effective Date, they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Discover Released Claim, directly or indirectly, against any of the Discover Released Parties.

3.7.4. **Releases Related to Litigation Conduct.** The Settlement Class Representatives, Settlement Class Counsel, Discover, and Discover Counsel agree to release each other from any and all Claims relating in any way to any Party or counsel's conduct in the Lawsuits, including but not limited to any Claims arising out of the institution, prosecution, assertion, or resolution of the Lawsuits. The list of Claims released by this Section 3.7.4 includes, but is not limited to, Claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in Section 3.6 of this Agreement.

3.7.5. **Possible Future Claims.** For the avoidance of doubt, the Settlement Class Representatives, Settlement Class Members, and the Releasing Parties expressly understand and acknowledge that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true, related to the Lawsuits and/or the Release herein. Nevertheless, it is the intention of the Settlement Class Representatives in executing this Agreement to fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit all such matters, and all Released Claims which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding), on behalf of the Settlement Class Members and the Releasing Parties.

3.7.6. **Waiver of Rights.** Settlement Class Representatives, on behalf of themselves and Settlement Class Members and the Releasing Parties, understand and expressly acknowledge certain principles of law applicable in some states, including but not limited to Section 1542 of the Civil Code of the State of California, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY." Settlement Class Representatives, on behalf of themselves and Settlement Class Members and the Releasing Parties, hereby knowingly and voluntarily waive and relinquish the provisions of Section 1542 and all similar federal and state laws, rights, rules, and legal

principles as to the Released Claims. Notwithstanding the provisions of Section 1542 and all similar laws, and for the purpose of implementing a full and complete release and discharge of each and all the Released Parties from the Released Claims, Settlement Class Representatives, on behalf of themselves and Settlement Class Members and the Releasing Parties, expressly acknowledge that this Settlement is intended to include in its effect, without limitation, all Released Claims that any Settlement Class Representative or any Settlement Class Member or Releasing Party knows or suspects to exist in their favor, and all Released Claims that any Settlement Class Representative or any Settlement Class Member or Releasing Party does not know or suspect to exist in their favor at the time this Agreement is executed, whether or not concealed or hidden, as this Agreement contemplates the extinguishment of any such Released Claims.

3.7.7. **Total Satisfaction of Released Claims.** Any benefits pursuant to this Settlement are in full, complete, and total satisfaction of all of the Released Claims against the Released Parties. Such benefits are sufficient and adequate consideration for each and every term of this Release, and this Release shall be irrevocably binding upon Settlement Class Representatives and Settlement Class Members who do not submit a timely and valid Request for Exclusion from the Settlement.

3.7.8. **Release Not Conditioned on Claim or Payment.** The Release is and shall be effective with respect to all Releasing Parties, including all Settlement Class Members who do not submit a timely and valid Request for Exclusion, regardless of whether those Settlement Class Members ultimately submit a Settlement Claim, whether any such Settlement Claim is deemed timely and valid, and whether any payment to the Settlement Class Member that the Settlement Administrator issues or attempts to issue is in fact received or cashed by the Settlement Class Member.

3.7.9. **Material Term.** Settlement Class Representatives and Settlement Class Counsel agree and acknowledge that this Section 3.7 in its entirety, including its subsections, was

Docusign Envelope ID: 4C1FC985-F395-4322-B91C-C90A78693896

separately bargained for and constitutes a key, material term of the Agreement that shall be reflected in the Final Approval Order.

        3.7.10. **Additional Representations by Settlement Class Counsel.** Settlement Class Counsel represent that they intend to work towards approval of the Settlement and that, as of the date of the execution of this Agreement, they do not represent any client besides Plaintiffs who intends to assert any Claims against Discover or any of the Released Parties relating to the Lawsuits or any of the Released Claims. Settlement Class Counsel further represent that they (i) have not encouraged and will not encourage any Settlement Class Member to file a Request for Exclusion from this Settlement, provided that they may present Settlement Class Members with the fact that they have the option to seek to exclude themselves from the Settlement Class consistent with the provisions of this Agreement; (ii) have not encouraged and will not encourage any Settlement Class Member to object to this Settlement, provided that they may present Settlement Class Members with the fact that they have the option to object to the Settlement; and (iii) shall not offer to represent any person or entity that submits a Request for Exclusion in connection with any Released Claim.

        3.7.11. **Additional Representations by Discover and Discover Counsel.** Discover and Discover Counsel represent that they intend to work towards approval of the Settlement. Discover further represents that Discover (i) will not encourage any Settlement Class Member to file a Request for Exclusion from this Settlement; and (ii) will not encourage any Settlement Class Member to object to this Settlement.

**4. SETTLEMENT ADMINISTRATION**

    4.1. **Settlement Administrator.** The Settlement Administrator shall be responsible for overseeing the implementation and administration of the Settlement, including but not limited to provision of Notice to the Settlement Class, administration of any Requests for Exclusion, and validation of eligibility and approval of payments to Settlement Class Members. The Parties, Discover Counsel, and Settlement Class Counsel are entitled to observe and monitor the

performance of the Settlement Administrator to assure compliance with this Settlement Agreement.

4.2. **Duties of Settlement Administrator.** In addition to the responsibilities assigned to the Settlement Administrator elsewhere in this Agreement, the duties of the Settlement Administrator include:

4.2.1. Making all reasonable efforts to administer the Settlement efficiently and to avoid unnecessary administration expenses. As soon as work commences, the Settlement Administrator shall on a regular basis provide Settlement Class Counsel and Discover Counsel with a detailed written accounting of all administration expenses, and shall respond promptly to any inquiries by Settlement Class Counsel and Discover Counsel concerning the Notice, administration of the Settlement, and all related costs and fees;

4.2.2. Providing all information to Discover and Settlement Class Counsel that Discover or Settlement Class Counsel deems necessary (including as directed by the Court in the Preliminary Approval Order or in another order information that Discover provides to the Settlement Administrator about Non-Claimant Payments) before Settlement Class Counsel or Discover can perform any of its obligations under this Agreement, including any obligations by Discover to transfer funds to the Settlement Administrator;

4.2.3. Cooperating with Discover and Settlement Class Counsel to determine the validity of all Settlement Claims, the proper allocation of all MID Amounts, and the amount of all Settlement Payments payable to Settlement Class Members under this Settlement;

4.2.4. Promptly responding to any inquiries from Settlement Class Counsel and Settlement Class Members;

4.2.5. Keeping a clear and careful record of all communications with Settlement Class Members;

4.2.6. Providing to Settlement Class Counsel and Discover Counsel interim reports upon request and, within two hundred seventy (270) days of entry of the

Preliminary Approval Order, which is thirty (30) days after the Opt-Out Deadline and Objection Deadline, a final report summarizing the number of timely Requests for Exclusion received, the names and addresses of persons or entities in the Settlement Class who submitted a Request for Exclusion, and any other pertinent information requested by Settlement Class Counsel or Discover Counsel;

4.2.7. Subject to reimbursement by Discover, paying any invoices, expenses, taxes, fees, and other costs associated with the administration of the Settlement as contemplated in this Agreement or required by law;

4.2.8. Filing tax returns for the Settlement Escrow Account and paying from the Settlement Escrow Account any Taxes owed with respect to the Settlement Escrow Account; and

4.2.9. Performing any other administrative functions reasonably necessary to effectuate this Settlement, with the consent of both Settlement Class Counsel and Discover Counsel or as approved by the Court.

4.3. **Confidentiality.** The Settlement Administrator shall administer the Settlement in accordance with the terms of this Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with administration of the Settlement as confidential and shall not disclose any such documents, communications, or other information to any person or entity except as provided for in this Settlement Agreement, as agreed to by Settlement Class Counsel and Discover Counsel, or by order of the Court. The Settlement Administrator may communicate and share documents and information with Discover, Discover Counsel, and Settlement Class Counsel as is reasonably necessary to carry out the Settlement Administrator's duties under the Settlement.

4.4. **Payment of Notice and Settlement Administration Costs.** Notice and Settlement Administration Costs shall be paid by Discover as they are accrued and invoiced. The Settlement Administrator shall provide updated estimate(s) to the extent its estimate of the total Notice and Settlement Administration Costs materially changes.

4.5.    **Effect of Failure of Settlement on Notice and Administration Costs.**  In the event this Settlement is not approved or is terminated, or the Effective Date otherwise fails to occur for any reason, including without limitation if the Final Approval Order or Judgment is reversed, vacated, or materially modified following any appeal, Discover shall have no obligation to pay any further Notice and Settlement Administration Costs, other than notice and settlement administration costs actually incurred.

5.    **SETTLEMENT PROCEDURES**

5.1.    **Preliminary Approval.**  Plaintiffs shall use best reasonable efforts to file a Motion for Preliminary Approval of the Settlement set forth in this Agreement pursuant to Federal Rule of Civil Procedure 23(e)(1)(b) no later than January 21, 2025.   The Motion for Preliminary Approval shall seek entry of the Preliminary Approval Order substantially in the form that will be agreed to by Settlement Class Counsel and Discover Counsel and attached to the Motion for Preliminary Approval, and shall, among other things, ask the Court to (a) vacate its October 22, 2024 order granting preliminary approval of the proposed settlement dated June 28, 2024; and, (b) as set forth in this Agreement, (i) provisionally certify the Settlement Class for Settlement purposes only; (ii) direct the provision of Notice to the Settlement Class through the Notice Program; (iii) appoint the Settlement Class Representatives as representatives of the provisionally-certified Settlement Class; (iv) appoint Settlement Class Counsel as counsel for the provisionally-certified Settlement Class; (v) appoint the Settlement Administrator; (vi) approve the Parties' selection of Escrow Agent; (vii) direct Discover to share information regarding Non-Claimant Payments with Settlement Class Counsel as necessary to effectuate the terms of this Settlement; and (viii) set a date for the Final Approval Hearing.  Discover has no obligation to prepare the Motion for Preliminary Approval or any papers filed in support, but may, at Discover's sole discretion, submit a memorandum in support of the Motion for Preliminary Approval.  The Parties agree to take all actions and steps reasonably necessary to obtain a Preliminary Approval Order from the Court in substantially the form that will be agreed to by Settlement Class Counsel and Discover Counsel

and attached to the Motion for Preliminary Approval and to fully implement and effectuate the terms of this Agreement.

5.2.     **CAFA Notice.**   Discover, or the Settlement Administrator on Discover's behalf, shall serve the CAFA notice required under 28 U.S.C. § 1715 within ten (10) days of Plaintiffs' filing of the Motion for Preliminary Approval.

5.3.     **Compilation of Settlement Class Member Information.**

5.3.1.   The Settlement Administrator—using information provided by Discover, information provided by Settlement Class Members, and industry-standard methodologies for updating contact information—including proprietary databases beyond the National Change of Address database that are reasonably available to the Settlement Administrator—shall use its best efforts to determine for each MID the identities and contact information (including the most current mailing address and, if available, email addresses) for the corresponding End Merchant(s), Merchant Acquirer(s) (if applicable), and Payment Intermediary(ies) (if applicable).

5.3.2.   The Settlement Administrator, in consultation with Discover and Settlement Class Counsel, shall be responsible for determining which Direct End Merchants are still in operation as of the date of entry of the Preliminary Approval Order (so as to qualify as Active Direct End Merchants, under subsection (b) of Section 2.1 of this Agreement) and will use its best efforts to determine for each Direct End Merchant and Indirect End Merchant current contact information as of that time.

5.3.3.   Within seven (7) days after entry of the Preliminary Approval Order, Discover will provide to the Settlement Administrator (a) a list of the MIDs from Discover's records associated with each Merchant Acquirer, Payment Intermediary, and Direct End Merchant known to Discover, (b) for each MID, any related legal entity name, DBA name(s), TIN, and contact information that can reasonably be retrieved from Discover's records (including regarding Indirect End Merchants), and (c) an accounting of the aggregate of the MID Amounts applicable to each such MID.  Such accounting shall provide (a) for each MID (i) the net charge volume of Discover Credit Card Transactions, and (ii) the MID Amount for that year.

5.3.4.   On the Notice Date, which shall be no later than forty five (45) days after entry of the Preliminary Approval Order and thirty eight (38) days after Discover must provide information to the Settlement Administrator under Section 5.3.3, the Settlement Administrator shall provide to each Merchant Acquirer the information provided by Discover in Section 5.3.3(a)–(b) relating to such Merchant Acquirer for the purpose of enabling the Merchant Acquirer to provide the Merchant Acquirer Information.  Discover and the Settlement Administrator shall use commercially reasonable efforts to obtain the Merchant Acquirer Information from each Merchant Acquirer no later than one hundred five (105) days after entry of the Preliminary Approval Order, which is sixty (60) days after the Settlement Administrator provides the information to each Merchant Acquirer.

5.3.5.   No later than one hundred fifty (150) days after entry of the Preliminary Approval if the information provided by Discover under Section 5.3.3 does not include information sufficient to identify a Payment Intermediary, or on a rolling basis within forty five (45) days of processing data indicating that an entity is a Payment Intermediary, the Settlement Administrator shall provide information to each identified Payment Intermediary for the purpose of enabling the Payment Intermediary to provide the Payment Intermediary Information.  Discover and the Settlement Administrator shall use commercially reasonable efforts to obtain the Payment Intermediary Information from each Payment Intermediary no later than two hundred ten (210) days after entry of the Preliminary Approval Order, which is sixty (60) days after last date by which the Settlement Administrator may provide the information to each Payment Intermediary.

5.4.   **Notice to the Settlement Class.**  Subject to Court approval, notice will be provided to Settlement Class Members pursuant to the Notice Program, including the provisions therein regarding efforts to locate updated contact information and to re-send notices.  The Settlement Administrator will no later than forty five (45) days after entry of the Preliminary Approval Order commence to provide direct notice to all Settlement Class Members whose identities and contact information are known to Discover as of the date of the Preliminary Approval Order, and the Settlement Administrator will further attempt to provide direct notice to all other Settlement Class

Members on the timeline set forth in the Notice Program as the Settlement Administrator obtains any additional sufficient information by Settlement Class Members. Direct notices of the Settlement shall include unique IDs and PIN numbers to facilitate pre-population of information and claim submission and, unless not feasible for a particular direct notice at the time that direct notice is sent (e.g., for notices where there is insufficient time or information to practically include such information), shall prominently identify the MID(s) associated with the direct notice recipient. The Settlement Administrator shall have no obligation to attempt to provide direct notice to Settlement Class Members whose identities and contact information are obtained by the Settlement Administrator on or after two hundred seventy four (274) days after entry of the Preliminary Approval Order.

5.5. **Non-Substantive Modification of Notice Documents.** Subject to Court approval, the Parties may by mutual consent make non-substantive revisions to the Notice Program and associated documents without further individual approval by the Court.

5.6. **Contact Between Discover and Settlement Class Members.** The Settlement Class Representatives and Settlement Class Counsel specifically acknowledge that Discover has ongoing business relationships with some Settlement Class Members, including but not limited to Direct End Merchants, Indirect End Merchants, Payment Intermediaries, and Merchant Acquirers. The Settlement Class Representatives and Settlement Class Counsel do not object to Discover's communications not about this Settlement or the Lawsuits with any business, person, or entity. The Settlement Class Representatives and Settlement Class Counsel further do not object to communications about this Settlement or the Lawsuits between Managed Active Direct End Merchants, Managed Indirect End Merchants, Managed Payment Intermediaries, and Merchant Acquirers or those Settlement Class Members' counsel and Discover only in the event such entities or their counsel contacts Discover regarding such topic(s). To the extent that any other Settlement Class Members that have not submitted timely and valid Requests for Exclusion contact Discover about this Settlement or the Lawsuits, Discover shall inform such Settlement Class Member only

about the existence of the Settlement and direct the Settlement Class Member to the Settlement Website, the Settlement Administrator, and/or Settlement Class Counsel.

      5.7.    **Requests for Exclusion.**  Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than the Opt-Out Deadline.  To be effective, the Request for Exclusion must include (a) the Settlement Class Member's (i) full legal name, (ii) any aliases, (iii) telephone number, (iv) mailing address, (v) email address, (vi) TIN, and, (vii) if known to the Settlement Class Member, its MID(s); (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) a clear and unequivocal reference to the name and the case number of the lead case in the Lawsuits, e.g. "*CAPP, Inc. et al. v. Discover Bank, et al.*, Case No. 23-cv-4676"; and (d) the signature of the individual(s) authorized to act on behalf of the Settlement Class Member.  Requests for Exclusion must be specific to an individual Settlement Class Member, and Settlement Class Members cannot request exclusion on behalf of any other Settlement Class Member or as a class or group.  Upon the Settlement Administrator's receipt of a timely and valid Request for Exclusion, the Settlement Class Member shall be deemed excluded from the Settlement Class, shall not be considered a Settlement Class Member, and shall not be entitled to any benefits from this Settlement.  Any person in the Settlement Class who submits a timely and valid Request for Exclusion is foreclosed from objecting to the Settlement or to any motions for the award of Attorneys' Fees and Expenses or Service Awards.  If a Settlement Class Member has submitted a Request for Exclusion from the Class Action Settlement Agreement and Release dated June 28, 2024, that Request for Exclusion shall be deemed a Request for Exclusion from this Settlement unless the Settlement Class Member submits a written rescission of that Request for Exclusion by the Opt-Out Deadline.  If a Settlement Class Member submits both a timely and valid Request for Exclusion and an Objection, the Settlement Class Member shall be treated as if they had only submitted a Request for Exclusion and not an Objection.  If a Settlement Class Member submits both a timely and valid Request for Exclusion and attempts to submit a Settlement Claim, the Settlement Class Member shall be treated as if they had only submitted a

Settlement Claim and not a Request for Exclusion.  The Settlement Administrator shall promptly provide copies of all timely and valid Requests for Exclusion to Settlement Class Counsel and Discover Counsel.  A list of the persons in the Settlement Class who have submitted timely and valid Requests for Exclusion pursuant to this section shall be submitted in connection with the Final Approval Motion and shall be attached to the Final Approval Order or otherwise recorded by the Court.

5.8.    **Challenging Requests for Exclusion.**  Discover or Settlement Class Counsel may dispute the validity of any Request for Exclusion, including any attempt to request exclusion for a group or class, no later than the date of the Final Approval Hearing.  Unless and until the dispute is overruled by the Court or withdrawn, disputed Requests for Exclusion shall not be considered validly executed.

5.9.    **Objections.**  Any Settlement Class Member who does not submit a timely and valid Request for Exclusion shall have the right to object to the Settlement or any term of the Settlement, including to any motion for Attorneys' Fees and Expenses or Service Awards, by complying with the provisions of this Section.  Settlement Class Members who submit a timely and valid Objection shall remain Settlement Class Members, shall be eligible to receive Settlement Payments consistent with the terms of this Agreement, and shall be subject to the Releases in this Settlement if the Settlement is approved by the Court and becomes effective.  To be considered valid, an Objection must: (a) be in writing; (b) be filed with or mailed to the Court; (c) be mailed in duplicate to the Settlement Administrator at the addresses listed in the Notice; (d) be postmarked and/or filed no later than the Objection Deadline; and (d) include: (1) the name and case number of the lead case in the Lawsuits, e.g. "*CAPP, Inc. et al. v. Discover Bank, et al.*, Case No. 23-cv-4676"; (2) the Settlement Class Member's full legal name and any aliases; telephone number; mailing address; email address; TIN; and if known to the Settlement Class Member, its MID(s); (3) the signature of the individual(s) authorized to act on behalf of the objector; (4) a description of the specific reasons for the Objection; (5) if the objector is represented by an attorney, the name, address, bar number and telephone number of counsel for the objector; and (6)

a statement of whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel. Any Settlement Class Member who does not timely submit an Objection in accordance with this Section shall waive the right to object or be heard at the Final Approval Hearing and shall be forever barred from making any objection to the proposed Settlement or to any motion for Attorneys' Fees and Expenses or Service Awards.

5.10. **Motion for Final Approval Order.** By no later than one hundred and twenty five (125) days after entry of the Preliminary Approval Order, Settlement Class Representatives and Settlement Class Counsel shall file a motion seeking entry of the Final Approval Order and Judgment substantially in the form that will be agreed to by Settlement Class Counsel and Discover Counsel and attached to the Motion for Preliminary Approval, which shall specifically include provisions: (a) stating that the Court has personal jurisdiction over all Settlement Class Members, has subject matter jurisdiction over the claims asserted in the Lawsuits, and that venue is proper; (b) finally approving the Settlement pursuant to Federal Rule of Civil Procedure 23 and directing the Parties and Settlement Administrator to implement the Settlement pursuant to the terms of this Agreement, including distributing Settlement Payments to Settlement Class Members and making such other disbursements from the Settlement Escrow Account as provided by this Agreement; (c) finding that the Notice Program and Notice as distributed was the best notice practicable and fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23; (d) finding that the CAFA notice provided to government entities complied with 28 U.S.C. § 1715; (e) finally certifying the Settlement Class pursuant to Federal Rule of Civil Procedure 23; (f) confirming that the Settlement Class Representatives and all Settlement Class Members who have not submitted valid Requests for Exclusion have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; (g) retaining jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Agreement, the Final Approval Order, and any award of Attorneys' Fees and Expenses and Service Awards; and (h) entering a judgment that dismisses the Lawsuits with prejudice, without costs to any Party, except as provided

in this Agreement, and subject to the Court's continuing jurisdiction over the Parties and settlement consideration for the purpose of enforcement of the terms of the Settlement. Discover has no obligation to prepare the Motion for Final Approval or any papers filed in support, but may, at Discover's sole discretion, submit a memorandum in support of the Motion for Final Approval. Entry by the Court of the material terms of the proposed Final Approval Order and Judgment set forth in that will be agreed to by Settlement Class Counsel and Discover Counsel and attached to the Motion for Preliminary Approval is a material term of this Settlement Agreement.

5.11.   **Establishment of the Settlement Escrow Account.** The Settlement Administrator shall establish a Qualified Settlement Fund ("QSF"), to be held by the Escrow Agent, which shall be called the Settlement Escrow Account. Unless directed otherwise by Settlement Class Counsel and Discover Counsel, the Escrow Agent shall invest any funds in the Settlement Escrow Account in money market funds that invest solely in instruments issued by the US Government, for the benefit of the Settlement Class. No later than twenty three (23) days after entry of the Final Approval order, Discover shall pay the sum of One Hundred Million Dollars ($100,000,000.00) (the "First Funding Amount") into the Settlement Escrow Account. No later than ten (10) days after the Effective Date, Discover shall pay into the Settlement Escrow Account the difference between the First Funding Amount and a reasonable estimate of the aggregate total of all of Settlement Payments for all Payment Eligible Settlement Class Members, as calculated pursuant to Section 3.5 of this Agreement, as determined by the Settlement Administrator with input from the Parties (the "Second Funding Amount"). If: (a) the aggregate total of all of Settlement Payments for all Payment Eligible Settlement Class Members, as calculated pursuant to Section 3.5 of this Agreement, exceeds (b) the sum of the First Funding Amount plus the Second Funding Amount, Discover shall pay the difference into the Settlement Escrow Account no later than two hundred thirty five (235) days after the Effective Date (the "Escrow Final Funding Date"). If: (a) the aggregate total of all of Settlement Payments for all Payment Eligible Settlement Class Members, as calculated pursuant to Section 3.5 of this Agreement, is less than (b) the sum of the First Funding Amount plus the Second Funding Amount, no later than two hundred thirty five

(235) days after the Effective Date, the Settlement Administrator shall cause to be refunded to Discover, from the Settlement Escrow Account, the difference together with any interest that has accrued in the Settlement Escrow Account as of that time on such refunded portion only. The Settlement Escrow Account shall collect and reinvest any and all interest accrued thereon, if applicable. The Settlement Administrator, with the assistance of the Escrow Agent, shall (a) timely file tax returns for the Settlement Escrow Account; and (b) timely pay (i) all taxes on the income of the Settlement Escrow Account and (ii) expenses and costs incurred with taxes paid (including, without limitation, expenses of tax attorneys and accountants), subject to reimbursement by Discover. The Parties agree that the Settlement Escrow Account shall be treated as a QSF from the earliest date possible and agree to any relation-back election required to treat the Account as a QSF from the earliest date possible.

5.12. **Notice Regarding MID Allocations.** Before distributing Settlement Payments calculated pursuant to this Agreement, no later than one hundred eighty (180) days after the Effective Date, the Settlement Administrator shall provide notice to the corresponding Payment Eligible Settlement Class Members of their Total Allocated MID Amount, and, if the provisions of Section 3.5.4 apply, the estimated Base Payment Amount. The Settlement Class Member shall be provided thirty five (35) days to provide additional information for the Settlement Administrator's further consideration regarding allocations. The notice provided under this Section shall also include (a) the then-current address on file with Discover where the Settlement Payment will be sent or the Settlement Class Member's payment preference as indicated on the Settlement Class Member's Settlement Claim, Managed Active Direct End Merchant Payment Details, or updated payment instructions, as applicable, (b) the associated mailing address or Payment Account Information, as applicable, and (c) instructions for and a deadline by which the Settlement Class Member may update its payment preference, mailing address, or Payment Account Information.

5.13. **Distribution of Settlement Payments.** Within two hundred forty (240) days after the Effective Date the (the "Payment Date"), unless the Parties mutually agree to another date

when this payment may be made for a particular Payment Eligible Settlement Class Member, the Settlement Administrator shall issue the Settlement Payment due to Payment Eligible Settlement Class Members, as calculated pursuant to Section 3.5 of this Agreement (as may be updated through the process described in Section 5.12 of this Agreement) and including each Payment Eligible Settlement Class Member's pro rata share of any interest accruing on the Settlement Escrow Account funds pursuant to Section 5.11. The Settlement Administrator shall make all reasonable efforts to make Settlement Payments by the payment method elected by the Settlement Class Member or, if no alternative payment preference has been requested or if insufficient Payment Account Information has been provided, then by mailed check, sent via first class U.S. Mail (postage pre-paid). Settlement Payment checks (other than re-issued or re-mailed checks) shall be valid for 120 days. If a Settlement Payment check sent to a Payment Eligible Settlement Class Member is returned as undeliverable, the Settlement Administrator shall attempt to obtain a new mailing address and effect a second mailing. If, after a second mailing, the check is again returned as undeliverable, or if the Settlement Administrator, after reasonable efforts, is unable to determine a new mailing address, there is no obligation to take further efforts to distribute the check to that Settlement Class Member.

    5.14. **Residual Settlement Payment Funds**. If there are any Settlement Payment amounts that remain in the Escrow Account 210 days after the Payment Date—consisting of Settlement Payment checks that were successfully delivered but not timely negotiated and Settlement Payments that the Settlement Administrator determines are undeliverable or that otherwise cannot be effectuated following reasonable efforts by the Settlement Administrator to contact and obtain from the Payment Eligible Settlement Class Member alternative payment information (collectively, "Residual Funds")—such Residual Funds shall be distributed to a *cy pres* recipient to be proposed by Settlement Class Counsel with input from Discover, subject to Court approval.

6. **ADDITIONAL PROVISIONS AND RESERVATIONS**

6.1. **No Admission of Liability or Wrongdoing.** Discover expressly disclaims and denies any wrongdoing or liability whatsoever in connection with the Lawsuits or this Agreement. This Agreement, the Settlement contemplated herein, and all statements made, acts performed, and documents executed pursuant to or in furtherance of this Agreement are not, and shall not be deemed to be, and shall not be used or construed as an admission, concession, or evidence by Discover or the Released Parties (i) of the validity of any of the Released Claims; (ii) that any person suffered compensable harm or is entitled to relief with respect to Discover's classification of credit cards or the fees Discover charged on Discover Credit Card Transactions; (iii) of any fault or omission in any civil, criminal, regulatory, or administrative proceeding in any court, administrative agency, or other tribunal; or (iv) that the case was properly brought as a class action.

6.2. **Basis for Entering Agreement and Release.** Settlement Class Counsel acknowledge that they have conducted sufficient independent investigation, discovery, and research to enter into this Agreement, including informal discovery in connection with the Parties' mediation efforts and the negotiation of this Agreement, and confirmatory discovery.

6.3. **Filing in Support of Claim or Issue Preclusion.** Any of the Released Parties may file this Agreement, the Final Approval Order, or the Judgment in any action or proceeding that may be brought in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

6.4. **Fair, Adequate, and Reasonable Settlement.** The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Lawsuits and have arrived at this Settlement through arm's-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after hard-fought, arm's-length negotiations that included three mediation sessions conducted by Hon. Jay C. Gandhi (Ret.).

6.5. **Cooperation.** Settlement Class Representatives, Settlement Class Counsel, Discover, and Discover Counsel agree to use their reasonable best efforts to obtain approval of the

Settlement and entry of the orders contemplated herein, and shall do nothing inconsistent therewith. The Parties and their respective counsel agree to cooperate with each other, act in good faith, and use their best efforts to effectuate the implementation of the Settlement on the terms set forth in this Agreement. In the event the Parties are not able to reach agreement on the procedure or the form or content of any document necessary to effectuate the terms of this Agreement, the Parties will attempt to resolve such dispute first through mediation, and then if mediation is unsuccessful through the Court. The Parties further agree to make all reasonable efforts to ensure the timely and expeditious administration and implementation of the Settlement and to minimize the costs and expenses occurred therein.

6.6. **Extensions of Time.** The Parties and their respective counsel reserve the right, subject to approval by the Court, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

6.7. **Modification.** The terms and provisions of this Agreement may not be amended, modified, or expanded except by written agreement of the Parties and, if preliminary approval of the Settlement has been entered by the Court, approval by the Court; provided, however, that after entry of the Final Approval Order, the Parties may by written agreement effect such amendments, modifications, or expansions of the Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court, if such changes are consistent with the Court's Final Approval Order and do not limit the rights of Settlement Class Members under the Settlement.

6.8. **Termination.** This Settlement may be terminated by Discover by serving on Settlement Class Counsel and filing with the Court a written notice of termination within ten (10) days (or such longer time as may be agreed between Settlement Class Counsel and Discover Counsel) after any of the following occurrences: (a) the Court rejects, materially modifies, or materially amends or changes the Settlement (with the exception of any provision of the Settlement relating to Settlement Class Counsel Attorneys' Fees and Expenses award or any Service Award); (b) the Court declines to enter without material change the material terms in the proposed

Docusign Envelope ID: 4C1FC985-F395-4322-B91C-C90A78693896

Preliminary Approval Order or the Final Approval Order and Judgment; (c) an appellate court reverses the Final Approval Order or Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand; (d) the Effective Date does not occur; or (e) Discover does not receive the appropriate approvals authorizing Discover to perform its obligations under this Agreement by the earlier of February 28, 2025, or the date of entry of the Preliminary Approval Order. Discover is not required for any reason or under any circumstance to exercise its option to terminate the Settlement.

6.9. **Effect of Agreement if Settlement is Not Approved or Terminated.** This Agreement is entered into only for the purpose of the Settlement. If the Settlement is terminated under any of the provisions of Section 6.8, including if appropriate approvals are not obtained or if the Effective Date does not occur, then the Settlement shall be void *ab initio*, shall have no force or effect, and shall impose no obligations on the Parties except as stated herein regarding Discover's obligations under this Agreement with respect to Notice and Settlement Administration Costs. The intent of the previous sentence is that, in the event that a necessary approval is denied or the Settlement otherwise does not before effective, the Parties will revert to their *status quo ante* rights, positions, and privileges immediately prior to the date the Lawsuits were stayed on February 5, 2024, and (a) the Lawsuits will resume without prejudice to any party, (b) the Parties will bear their own costs and fees with regard to their efforts to implement the Settlement except as may be agreed to by the Parties in any subsequent agreement; (c) the proposed or actual certification of the Settlement Class will be deemed void will not be urged or considered as a factor in any further proceeding; (d) the Parties will be prohibited from using this Agreement and any settlement or mediation communications as evidence in the Lawsuits; and (e) any funds in the Settlement Escrow Account, including all interest accrued, shall be returned to Discover within seven (7) days of the termination. The Parties further agree to cooperate in asking the Court to set a reasonable schedule for the resumption of the Lawsuits.

6.10. **Finality.** The Settlement shall become final and effective on the Effective Date.

6.11.  **Dismissal.**  On the Effective Date, all Claims in the operative complaints in each of the Lawsuits shall be dismissed with prejudice.  Dismissal of the Lawsuits with prejudice is a material term of this Agreement.

6.12.  **Waiver.**  There shall be no waiver of any term or condition in this Agreement absent an express writing to that effect by the Party charged with the waiver.  No waiver of any term or condition in this Agreement by any Party shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or as a waiver of any other term or condition of the Agreement.

6.13.  **Breach and Opportunity to Cure.**  If one Party considers another Party to be in breach of its obligations under this Agreement, the Party who considers the other Party to be in breach must provide that Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking action to enforce any rights under this Agreement.

6.14.  **Non-Disparagement.**  No press release or press communication concerning the Settlement shall be initiated by Discover, Discover Counsel, Settlement Class Representatives, or Settlement Class Counsel.  The Parties and their counsel may respond as appropriate to any Settlement Class Member inquiries that they receive regarding the Settlement.  Neither Party nor its counsel shall disparage the other Party or their counsel, or their business or reputation, based on the subject matter or conduct of the Lawsuits in any published communications or public statements.  For the avoidance of doubt, nothing in this provision or Settlement prohibits Discover from making public statements necessary to comply with legal or regulatory obligations (including without limitation disclosures that may be required under applicable stock exchange rules and securities laws), and nothing in this provision or Settlement prohibits Settlement Class Counsel from discharging their duties to Settlement Class Members; discussing this Agreement with Plaintiffs, Settlement Class Members, or the Court; disclosing public information about the Lawsuits on a resume, curriculum vitae, firm website, in other promotional materials, or in future legal filings; or responding to governmental inquiries.

6.15. **Confidentiality.** It is agreed that, until the filing of the Preliminary Approval Motion, this Agreement and its terms shall be confidential and shall not be disclosed to any person unless required by applicable disclosure or securities laws, disclosure to a Party's auditors or attorneys is required, or as agreed to by the Parties. However, this Section shall not prevent Discover, at Discover's sole discretion and without approval from Plaintiffs or Settlement Class Counsel, from disclosing such information prior to the filing of the Preliminary Approval Motion to state and federal agencies, other relevant government authorities, stock exchanges, independent accountants, actuaries, advisors, financial analysts, insurers, lawyers, or business affiliates, or from making a public statement referring to the Settlement in order to comply with legal or regulatory obligations, or to Managed Active Direct End Merchants, Managed Indirect End Merchants, Managed Payment Intermediaries, and Merchant Acquirers or those Settlement Class Members' counsel. The Parties and their counsel may also disclose the contents of this Agreement to persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of the Settlement.

6.16. **Continued Confidentiality of Settlement Information.** Settlement Class Representatives and Settlement Class Counsel agree that confidential information that was made available to them solely through the settlement process, including information provided in connection with mediation, is protected by Federal Rule of Evidence 408 and any equivalent rule in other states and territories, and was made available on the condition that it not be disclosed to third parties or used for any purpose other than settlement of the Lawsuits. The Parties and their counsel agree that all such confidential information shall not be disclosed without a court order, including but not limited to any third parties (or their counsel) who have filed or are considering filing claims against Discover in other jurisdictions. The Parties and their counsel further agree to destroy all confidential material received in connection with the Lawsuits no later than seven (7) days after the Effective Date.

6.17. **Stay and Bar to Other Proceedings.** Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses

otherwise available to them in any of the Lawsuits, and no Settlement Class Member, either directly, on a representative basis, or in any other capacity, will commence or prosecute any action or proceeding against any of the Released Parties asserting any of the Released Claims, pending final approval of the Settlement.

6.18. **Voluntary Agreement.** This Agreement is executed freely, voluntarily, and without duress, pressure, or influence by, or reliance on any statements, representations, promises, or inducements made by or on behalf of the Parties or the Released Parties, or of any other person, firm, or entity, other than as set forth in this Agreement.

6.19. **Binding on Successors.** This Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

6.20. **Governmental Entities.** The Parties agree and acknowledge that (a) no government or governmental entity is a party to the Lawsuits or to this Agreement, but such entities are not excluded from the Settlement Class; (b) each Party is entering into this Agreement of its own volition, and no Party is entering into this Agreement at the direction of a government or governmental entity, or was otherwise compelled by a government or governmental entity to do so; and (c) the payments made to Settlement Class Members under the Settlement are for the purpose of settling claims for restitution, compensation or/and remediation for harm or damage alleged in the Lawsuits.

6.21. **Parties Represented by Counsel.** The Parties acknowledge that they have been represented in negotiations for and in the preparation of this Agreement by independent counsel of their own choosing, that they have read this Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of its legal effect. Settlement Class Representatives specifically acknowledge, agree, represent, and warrant that they have discussed with Settlement Class Counsel the terms of this Agreement and have received legal advice with respect to the advisability and legal effect of entering into this Agreement and the Release.

6.22.   **Authorization.**   Counsel for each Party warrants and represents that they are expressly authorized by the Parties whom they represent to negotiate this Agreement.  The persons signing this Agreement on behalf of each Party or entity below warrant that he or she is authorized to sign this Agreement on behalf of that Party or entity.   Settlement Class Counsel further represents that they are seeking to protect the interests of the Settlement Class by entering this Agreement.

6.23.   **Governing Law.**  This Agreement is entered into in accordance with the laws of the State of Delaware and shall be governed by and interpreted in accordance with the laws of the State of Delaware without regard to its conflict of law principles.

6.24.   **Construction and Interpretation.**   Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Agreement or of any particular provision herein, nor shall they argue that any particular provision should be construed against its drafter. All Parties agree that this Agreement was drafted by counsel for the Parties during extensive, arms-length negotiations.

6.25.   **Severance.**  If any one or more of the provisions of this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if Discover's counsel (on behalf of Discover) and Settlement Class Counsel (on behalf of Settlement Class Representatives and the Settlement Class) mutually agree in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in the Agreement.  Any such agreement shall be reviewed and approved by the Court before it becomes effective.

6.26.   **Headings.**   The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Agreement.

6.27.   **Exhibits.**   The exhibits to this Agreement constitute material parts of this Agreement and are incorporated by reference herein.

6.28.   **Timing of Deadlines and Dates.**  All dates and deadlines in this Agreement shall be computed in calendar days unless otherwise expressly provided, and in computing any period

of time herein, the day of the act or event triggering the time period shall not be included. The last day of the period shall be included, except that, if any date or deadline set by this Agreement or any Court order falls on a Saturday, Sunday, or federal holiday (as designated in Federal Rule of Civil Procedure 6(a) or by the Clerk of the Court), the next business day following the date or deadline shall be the operative date.

6.29. **Merger and Integration.** This Agreement—including the Recitals, which are contractual in nature and form a material part of this Agreement—contains the entire, complete, and integrated statement of each and every term and condition agreed to by and among the Parties, is not subject to any term or condition not provided for herein, and supersedes, extinguishes, and replaces all agreements previously reached by and among the Parties, including the Class Action Settlement Agreement and Release dated June 28, 2024. In entering into this Agreement, no Party has made or relied on any warranty or representation not specifically set forth herein.

6.30. **Further Assurances.** Each of the Parties shall execute and deliver any and all additional papers, documents, and other assurances and do any and all acts or things reasonably necessary in connection with the performance of that Party's obligations hereunder to carry out the express intent of the Parties.

6.31. **Execution Date.** This Agreement shall be deemed executed on January 21, 2025 (the "Execution Date").

6.32. **Execution and Counterparts.** This Agreement may be executed physically or electronically, and may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

6.33. **Notices to the Parties and their Counsel.** Notices to the Parties or their counsel required under this Settlement Agreement shall be sent by email and first-class mail to:

Docusign Envelope ID: 4C1FC985-F395-4322-B81C-C90A78693896

For Plaintiffs and Settlement Class Representatives:

        Roger N. Heller
        Lieff Cabraser Heimann & Bernstein, LLP
        275 Battery Street, 29th Floor
        San Francisco, CA 94111
        Email: rheller@lchb.com

        Taras Kick
        Kick Law Firm, APC
        815 Moraga Drive
        Los Angeles, CA 90049
        Email: taras@kicklawfirm.com

        Catherine Pratsinakis
        Dilworth Paxson LLP
        1500 Market Street, Ste. 3500E
        Philadelphia PA 19102
        Email: cpratsinakis@dilworthlaw.com

For Discover:    Andrew Soukup
        Covington & Burling LLP
        One CityCenter, 850 Tenth Street NW
        Washington DC 20001
        Email: asoukup@cov.com

Agreed to by:

**For Plaintiffs / Settlement Class Representatives:**

_____        1/21/2025
Monte Caplan, on behalf of CAPP, Inc.              Date

_____        1/21/2025
Keith Glauber, on behalf of Young Peoples Day Camps, Inc.    Date

_____        1/22/2025
Katan Patel, on behalf of Prayus Group LLC        Date

_____        _____
Jake Lemmo, on behalf of Lemmo's Pizzeria, LLC    Date

_____        _____
Lenny Nourafchan, on behalf of Lennys Casita, LLC    Date

**For Settlement Class Counsel and Plaintiffs' counsel:**

_____        1/21/2025
Catherine Pratsinakis, on behalf of DILWORTH        Date
PAXSON LLP

_____        _____
Roger N. Heller, on behalf of LIEFF CABRASER        Date
HEIMANN & BERNSTEIN LLP

_____        _____
Taras Kick, on behalf of THE KICK LAW FIRM, APC    Date

Agreed to by:

**For Plaintiffs / Settlement Class Representatives:**

_____      _____
Monte Caplan, on behalf of CAPP, Inc.                          Date


_____      _____
Keith Glauber, on behalf of Young Peoples Day Camps, Inc.      Date


_____      _____
Katan Patel, on behalf of Prayus Group LLC                     Date


_____      _____
Jake Lemmo, on behalf of Lemmo's Pizzeria, LLC                 Date


_____      _____
Lenny Nourafchan, on behalf of Lennys Casita, LLC              Date


**For Settlement Class Counsel and Plaintiffs' counsel:**


_____      _____
Catherine Pratsinakis, on behalf of DILWORTH                   Date
PAXSON LLP


_____      1/21/2025
Roger N. Heller, on behalf of LIEFF CABRASER                   Date
HEIMANN & BERNSTEIN LLP


_____      _____
Taras Kick, on behalf of THE KICK LAW FIRM, APC                Date


56

Agreed to by:

**For Plaintiffs / Settlement Class Representatives:**

_____      _____
Monte Caplan, on behalf of CAPP, Inc.                Date


_____      _____
Keith Glauber, on behalf of Young Peoples Day Camps, Inc.      Date


_____      _____
Katan Patel, on behalf of Prayus Group LLC          Date

                                                1/21/2025
_____      _____
Jake Lemmo, on behalf of Lemmo's Pizzeria, LLC      Date


_____      _____
Lenny Nourafchan, on behalf of Lennys Casita, LLC      Date


**For Settlement Class Counsel and Plaintiffs' counsel:**


_____      _____
Catherine Pratsinakis, on behalf of DILWORTH      Date
PAXSON LLP


_____      _____
Roger N. Heller, on behalf of LIEFF CABRASER      Date
HEIMANN & BERNSTEIN LLP

                                                1/21/2025
_____      _____
Taras Kick, on behalf of THE KICK LAW FIRM, APC      Date

Agreed to by:

**For Plaintiffs / Settlement Class Representatives:**

_____        _____
Monte Caplan, on behalf of CAPP, Inc.                                  Date


_____        _____
Keith Glauber, on behalf of Young Peoples Day Camps, Inc.              Date


_____        _____
Katan Patel, on behalf of Prayus Group LLC                            Date


_____        _____
Jake Lemmo, on behalf of Lemmo's Pizzeria, LLC                        Date

                                                                      1/21/2025
_____        _____
Lenny Nourafchan, on behalf of Lennys Casita, LLC                     Date


**For Settlement Class Counsel and Plaintiffs' counsel:**

_____        _____
Catherine Pratsinakis, on behalf of DILWORTH                          Date
PAXSON LLP


_____        _____
Roger N. Heller, on behalf of LIEFF CABRASER                          Date
HEIMANN & BERNSTEIN LLP


_____        _____
Taras Kick, on behalf of THE KICK LAW FIRM, APC                       Date

56

**For Discover:**

Signed by:

_John Greene_                               1/21/2025

9D85EEE3ECB04DB...

John Greene, on behalf of Discover Bank                     Date

DocuSigned by:

_Jason Hanson_                              1/21/2025

73245FE3GD1A409...

Jason Hanson, on behalf of DFS Services LLC                 Date

Signed by:

_John Greene_                               1/21/2025

9D85EEE3ECB04DB...

John Greene, on behalf of Discover Financial Services         Date

**For Discover Counsel:**

Signed by:

_[signature]_                               1/21/2025

E801B0359E01496...

Andrew Soukup, on behalf of COVINGTON & BURLING       Date
LLP

# EXHIBIT A

# EXHIBIT A

- AERO OPCO LLC
- ALBERTSONS COMPANIES, INC.
- AT&T SERVICES, INC.
- BEST BUY STORES, LP
- BIG LOTS STORES LLC
- BROOKSHIRE GROCERY COMPANY
- CASEY'S GENERAL STORES, INC.
- CHARTER COMMUNICATIONS, INC.
- COMCAST CABLE COMMUNICATIONS, LLC / FANDANGO MEDIA, LLC
- DELL USA, L.P.
- DILLARDS, INC.
- DISH NETWORK, LLC
- FIRST DATA MERCHANT SERVICES LLC / FIRST DATA CANADA LTD.
- FLOOR & DECOR OUTLETS OF AMERICA, INC.
- HOBBY LOBBY STORES, INC.
- HY-VEE, INC.
- KOHL'S DEPARTMENT STORES, INC.
- K-VA-T FOOD STORES, INC.
- MARDEL, INC.
- MEIJER, INC.
- MURPHY OIL USA, INC.
- NORWEGIAN CRUISE LINE HOLDINGS LTD.
- PUBLIX
- QUIKTRIP CORPORATION
- RAYMOUR'S FURNITURE COMPANY, INC.
- RETAIL SERVICES & SYSTEMS, INC.
- ROSS STORES, INC.
- SCHNUCK'S MARKETS, INC.
- SIRIUS XM RADIO, INC.
- STARBUCKS CORPORATION
- SUPERVALU CORPORATE
- VERIZON SERVICES CORP / CELLCO PARTNERSHIP / VERIZON SOURCING LLC
- WAWA, INC.
- WEIS MARKETS, INC.
- WENDY'S INTERNATIONAL, LLC*

*Corporate-owned locations only.

# EXHIBIT B

**EXHIBIT B**

The MID Amount associated with a particular MID shall be calculated using the following methodology.

1. **Definitions**

    1.1. **Annual Gross Misclassified Card Transaction Volume:** the total gross number of Misclassified Card Transactions for a given period associated with a given MID, which shall be based on the information provided by Discover to the Settlement Administrator.

    1.2. **Annual Net Misclassified Card Transaction Sales Volume:** the total net (sales plus adjustments minus returns) Misclassified Card Transactions in U.S. Dollars for a given period associated with a given MID, which shall be based on the information provided by Discover to the Settlement Administrator.

    1.3. **Annual MID Amount:** the amount associated with a given MID for a given period, as determined by following the formula set forth in Exhibit B Section 2.1–2.2.

    1.4. **Annual MID Interest Amount:** the amount associated with a given Annual MID Amount, as determined by following the formula set forth in Exhibit B Section 2.3.

    1.5. **Escrow Final Funding Date:** the date of the additional payment to or refund from the Settlement Escrow Account contemplated to be made 235 days after the Effective Date pursuant to the Settlement Agreement Section 5.11.

    1.6. **Expected Per Transaction Rewards MID Discount:** the blended fee rate that Discover has estimated would have been charged for sales associated with a given MID on a per sale transaction basis for Rewards card transactions for a given year if Misclassified Card Transactions were correctly classified, which shall be based on the information provided by Discover to the Settlement Administrator.

    1.7. **Expected Per Transaction Premium MID Discount:** the blended fee rate that Discover has estimated would have been charged for sales associated with a given MID on a per sale transaction basis for Premium card transactions for a given year if Misclassified Card Transactions were correctly classified, which shall be based on the information provided by Discover to the Settlement Administrator.

    1.8. **Expected Per Transaction Premium Plus MID Discount:** the blended fee rate that Discover has estimated would have been charged for sales associated with a given MID on a per sale transaction basis for Premium Plus card transactions for a given year if Misclassified Card Transactions were correctly classified, which shall be based on the information provided by Discover to the Settlement Administrator.

    1.9. **Expected Variable Rewards MID Discount:** the blended fee rate that Discover has estimated would have been charged for sales associated with a given MID on a variable

percentage basis for Rewards card transactions for a given year if Misclassified Card Transactions were correctly classified, which shall be based on the information provided by Discover to the Settlement Administrator.

1.10. **Expected Variable Premium MID Discount:** the blended fee rate that Discover has estimated would have been charged for sales associated with a given MID on a variable percentage basis for Premium card transactions for a given year if Misclassified Card Transactions were correctly classified, which shall be based on the information provided by Discover to the Settlement Administrator.

1.11. **Expected Variable Premium Plus MID Discount:** the blended fee rate that Discover has estimated would have been charged for sales associated with a given MID on a variable percentage basis for Premium Plus card transactions for a given year if Misclassified Card Transactions were correctly classified, which shall be based on the information provided by Discover to the Settlement Administrator.

1.12. **Historic Per Transaction MID Discount:** the blended fee rate that was charged for sales associated with a given MID on a per sale transaction basis for Misclassified Card Transactions for a given year, which shall be based on the information provided by Discover to the Settlement Administrator.

1.13. **Historic Variable MID Discount:** the blended fee rate that was charged for sales associated with a given MID on a variable percentage basis for Misclassified Card Transactions for a given year, which shall be based on the information provided by Discover to the Settlement Administrator.

1.14. **Interest Rate:** the interest rate payable for a given year under this Methodology, as listed below, which is based on (a) for 2007 and 2008, the average 1-year rate from the Treasury Yield Curve; (b) for 2009 through 2024, the average 1-year Treasury Bill Rate; and (c) for 2025 as set forth below (rounded to the nearest tenth of a percent):

| Year | Interest Rate |
|------|---------------|
| 2007 | 4.5% |
| 2008 | 1.8% |
| 2009 | 0.4% |
| 2010 | 0.3% |
| 2011 | 0.2% |
| 2012 | 0.2% |
| 2013 | 0.1% |

| | |
|---|---|
| 2014 | 0.1% |
| 2015 | 0.3% |
| 2016 | 0.6% |
| 2017 | 1.2% |
| 2018 | 2.3% |
| 2019 | 2.0% |
| 2020 | 0.4% |
| 2021 | 0.1% |
| 2022 | 2.8% |
| 2023 | 5.1% |
| 2024 | 4.7% |
| 2025 and later | The average 1-Year Treasury Bill Rate for such year (or, for the year during which the Escrow Final Funding Date occurs, as of the Escrow Final Funding Date), multiplied by a fraction, the numerator of which is the number of calendar days elapsed during such year prior to the Escrow Final Funding Date, and the denominator of which is 365. |

1.15. **MID:** the definition assigned to this term in the Settlement Agreement.

1.16. **MID Amount:** sum of all Annual MID Amounts and all Annual MID Interest Amounts for a given MID, except as otherwise set forth in Section 2.4.[1]

1.17. **Misclassified Card Transaction:** the definition assigned to this term in the Settlement Agreement.

1.18. **Rebalanced Rewards Sales Percentage:** 18.717%.

---

[1] There are rare instances where the sum of all Annual MID Amounts is less than or equal to zero, which occurs because consumer pricing for a given MID exceeds commercial pricing. In those rare instances, the MID Amount will be zero.

1.19. **Rebalanced Premium Sales Percentage:** 43.437%.

1.20. **Rebalanced Premium Plus Sales Percentage:** 37.846%.

2. *The following methodology shall be followed to determine the MID Amount associated with a particular MID.*

**2.1. Calculating the Annual MID Amounts for 2011 – 2023:**

- Step 1: multiply the Annual Gross Misclassified Card Transaction Volume for 2011 by the Historic Per Transaction MID Discount for 2011; then multiply the Annual Net Misclassified Card Transaction Sales Volume for 2011 by the Historic Variable MID Discount for 2011. Then add those two resulting values together.

- Step 2: multiply the Annual Gross Misclassified Card Transaction Volume for 2011 by the Rebalanced Rewards Sales Percentage; then multiply that value by the Expected Per Transaction Rewards MID Discount for 2011.

- Step 3: multiply the Annual Net Misclassified Card Transaction Sales Volume for 2011 by the Rebalanced Rewards Sales Percentage; then multiply that value by the Expected Variable Rewards MID Discount for 2011.

- Step 4: add the values from Steps 2 and 3.

- Step 5: repeat Steps 2 through 4, except use the Rebalanced Premium Sales Percentage, the Expected Per Transaction Premium MID Discount for 2011, and the Expected Variable Premium MID Discount for 2011.

- Step 6: repeat Steps 2 through 4, except use the Rebalanced Premium Plus Sales Percentage, the Expected Per Transaction Premium Plus MID Discount for 2011, and the Expected Variable Premium Plus MID Discount for 2011.

- Step 7: add the values from Steps 4 through 6.

- Step 8: subtract the value from Step 7 from the value from Step 1; this is the Annual MID Amount for 2011.

- Step 9: repeat Steps 1 through 8 for each year from 2012 through 2023 to get the Annual MID Amounts for those years, replacing the 2011 values in those Steps for the applicable values from the applicable year.

**2.2. Calculating the Annual MID Amounts for 2007 –2010:**

- Repeat Section 2.1 Steps 1 through 9 for each year from 2007 through 2010, except (1) for Section 2.1 Step 5 use a Rebalanced Premium Sales Percentage of 81.28%, and (2) skip Section 2.1 Step 6; except appropriate adjustments will be made to account for the fact that Premium cards started circulating on October 11, 2007 and Premium Plus cards started circulating on October 14, 2010.

**2.3. Calculating the Annual MID Interest Amount:**

- Step 1: for a given Annual MID Amount for a given year, multiply the Annual MID Amount by the Interest Rate for that year, assuming interest starts to accrue as of July 1 of that calendar year.

- Step 2: multiply the sum of the Annual MID Amount and the value from Step 1 by the Interest Rate for the next-in-time calendar year (e.g. if starting with the Annual MID Amount for 2007, multiply the sum of the Annual MID Amount and the value from Step 1 by the Interest Rate for 2008).

- Step 3: continue the process, multiplying the sum of the Annual MID Amount and the values from all preceding steps by the Interest Rate for the next-in-time calendar year up through the Escrow Final Funding Date.

**2.4  Calculating the MID Amount:**

The MID Amount associated with a particular MID shall be the sum of all Annual MID Amounts and all the Annual MID Interest Amounts to determine the MID Amount associated with a particular MID as set forth in Sections 2.1–2.3 of this Methodology; except, in the event that the MID Amount so calculated for a particular MID under Sections 2.1–2.3 of this Methodology is less than the MID Amount calculated for that MID pursuant to the previously filed Methodology (*CAPP*, ECF No. 59-1, Ex. B) (the "Original Methodology") beginning with the first month that the MID processed a Discover Credit Card Transaction according to Discover's records (including records discovered and validated only after the Original Methodology was developed and submitted to the Court) (the "Original Methodology MID Amount"), then the MID Amount for that MID will be equal to the Original Methodology MID Amount.