## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CAPP, INC., YOUNG PEOPLES DAY CAMPS INC., KMJA DAY CAMPS, INC., and PRAYUS GROUP LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, and DISCOVER BANK,<br><br>Defendants. | Case No. 1:23-cv-4676 |
| LEMMO'S PIZZERIA, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, and DOES 1–100,<br><br>Defendants. | Case No. 1:23-cv-14250 |
| SUPPORT ANIMAL HOLDINGS, LLC, and LENNYS CASITA, LLC, individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, and DOES 1–100,<br><br>Defendants. | Case No. 1:23-cv-15297 |

## ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Motion for Final Approval (the "Motion") of the Class Action Settlement Agreement and Release (*CAPP*, ECF No. 65-1) (the "Agreement" or "Settlement") entered January 21, 2025 by Plaintiffs CAPP, Inc.; Young Peoples Day Camps Inc.; Prayus Group LLC; Lemmo's Pizzeria, LLC; and Lennys Casita, LLC (collectively, the "Settlement Class Representatives") and Defendants Discover Financial Services; DFS Services, LLC; and Discover Bank (collectively "Discover" and together with the Settlement Class Representatives, the "Parties").

Having considered the Motion, the exhibits and declarations attached thereto, and all other filings and argument related to the Motion, it is hereby ORDERED, ADJUDGED, AND DECREED that the Motion is GRANTED under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

As stated at the final approval hearing on May 20, 2026, the Court makes the following findings and rulings:

1. Capitalized terms not otherwise defined in this Order have the meanings provided in the Agreement.

2. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), has personal jurisdiction over the parties and Settlement Class Members, and venue is proper in this District.

3. The Court hereby affirms its preliminary findings and determinations in its Order Granting Preliminary Approval of Modified Class Action Settlement (*CAPP*, ECF No. 68) (the "Preliminary Approval Order") that the Settlement Class meets the requirements for certification under Federal Rule of Civil Procedure 23(a) and (b)(3), and finally certifies, for purposes of the Settlement only, the Settlement Class as defined in the Agreement:

All End Merchants, Merchant Acquirers, and Payment Intermediaries involved in processing or accepting a Misclassified Card Transaction during the Relevant Period, except the entities and individuals listed on Exhibit A to the Agreement.

4.       The Settlement Class meets the requirements for classification as a settlement class under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, the Court finds, for settlement purposes only, that (1) the Settlement Class Members are sufficiently numerous that joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) proposed Settlement Class Representatives' claims are typical of those of all Settlement Class Members; (4) proposed Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class Members; and (5) the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

5.       For purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order; appoints Plaintiffs CAPP, Inc.; Young Peoples Day Camps Inc.; Prayus Group LLC; Lemmo's Pizzeria, LLC; and Lennys Casita, LLC as Settlement Class Representatives; and appoints Roger N. Heller of Lieff Cabraser Heimann & Bernstein LLP, Catherine Pratsinakis of Dilworth Paxson LLP, and Taras Kick of The Kick Law Firm, APC as Settlement Class Counsel.

6.       The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

7.       The Court finds that the method for disseminating notice to the Settlement Class, as provided for in the Settlement, as described in Plaintiffs' motions for preliminary and final approval of the Settlement, and as previously approved and directed by this Court's Preliminary Approval Order, has been effectively implemented by the Settlement Administrator and the

3

Parties. The Court finds that the method for disseminating notice (a) constituted the best notice that is practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the nature of this litigation; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member could enter an appearance through an attorney if the Member so desired; (v) that, with certain limited exceptions set forth in the Agreement and described in the applicable notices, all Settlement Class Members were required to submit a timely and valid Settlement Claim to be eligible to receive a Settlement Payment; (vi) the time and manner by which Members could submit a Settlement Claim; (vii) that the Court would exclude from the Settlement Class any Settlement Class Member who timely and validly requested exclusion; (viii) the time and manner for requesting exclusion; and (ix) the binding effect of a class judgment on Settlement Class Members who did not timely and validly exclude themselves from the Settlement under Federal Rule of Civil Procedure 23(c)(3); (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to notice; and (d) met the applicable requirements of Federal Rule of Civil Procedure 23, the due process guarantees of the U.S. Constitution, and all other applicable laws.

8. The Court finds that all Settlement Class Members and all persons and entities who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement by submitting a request for exclusion in conformity with the Agreement and this Court's Preliminary Approval Order. A list of those persons and entities who timely and validly excluded themselves from the Settlement is attached hereto as **Exhibit 1**. Persons and entities listed on **Exhibit 1** are not bound by the Settlement, this Final Approval Order, or the accompanying Judgment, and are entitled to no relief under the Settlement. All other persons or entities who fall within the definition of the Settlement Class,

4

excluding the entities listed on **Exhibit 1**, are Settlement Class Members and part of this Settlement, and are and shall be bound by this Final Approval Order, the accompanying Judgment, and the Settlement.

9. The Court hereby finally approves the Settlement and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class Representatives and the Settlement Class, having considered that (a) the Settlement Class Representatives and Settlement Class Counsel have adequately represented the Settlement Class; (b) the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settlement Class Representatives, the Settlement Class, and Discover; (c) the relief provided for the Settlement Class is adequate, taking into account the costs, risks, and delay of further litigation, trial, and appeal, and the effectiveness of the method set forth in the Agreement for distributing relief to the Settlement Class, including the method of processing Settlement Claims and calculating Settlement Payments; and (d) Settlement Class Members are treated equitably relative to each other.

10. The Court further finds that the positive reaction of the Settlement Class supports granting final approval of the Settlement. The Settlement Class includes millions of persons and entities. Following robust notice to the Settlement Class, only 100 timely requests for exclusion were submitted, and only one objection was submitted.

11. For the reasons stated at the hearing, and in a companion order, The Court overrules the two objections to the proposed settlement and the proposed award of attorneys' fees.

12. Based upon a review of all of the factors to be considered when determining whether to grant final approval, the Motion is hereby GRANTED, and the Settlement Agreement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the

5

best interest of the Settlement Class. The Parties and Settlement Administrator are directed to consummate and implement the Settlement in accordance with its terms, including distributing Settlement Payments to Settlement Class Members and making such other disbursements from the Settlement Escrow Account as provided by this Agreement within the times set forth in the Agreement. Upon the occurrence of the Effective Date, Discover is directed to, within one hundred thirty five (135) days after the Effective Date, provide to the Settlement Administrator and Settlement Class Counsel an affidavit verifying the Non-Claimant Payments Discover has made on or before the Claim Deadline, including the Total Non-Claimant Payments and a breakdown of the individual payments (by recipient and associated MID(s)) comprising the Total Non-Claimant Payments. Within that same time period, information obtained by Discover in connection with negotiation of Non-Claimant Payments shall be disclosed to the Settlement Administrator and Settlement Class Counsel as necessary and appropriate to effectuate the Settlement, and to accomplish the purposes of Section 3.4.2 and Section 3.5.1 of the Settlement. This information is and shall be considered highly confidential, and it shall not be further distributed except as directed by this Court or with Discover's written agreement.

13. The Claims and complaints filed against Discover in these cases are dismissed in their entirety, with prejudice, and each side is to bear its own costs except as specified in the Agreement and the Court's separate order regarding attorneys' fees, costs, and service awards.

14. Upon entry of this Order and the accompanying Judgment, and in addition to the preclusive effect of the dismissal with prejudice of the claims asserted against Discover in the litigation pursuant to the Settlement, the Releasing Parties shall be deemed to have released and forever discharged the Released Parties from any and all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released

6

Claims against the Released Parties.

15. In consideration of the benefits provided under the Agreement, and for other good and valuable consideration set forth in the Agreement, each of the Settlement Class Members and Releasing Parties shall, by operation of this Final Approval Order and the accompanying Judgment, have fully, finally, and forever released, relinquished, acquitted, and discharged all Released Claims against each of the Released Parties in accordance with Section 3.7 of the Agreement, the terms of which section are incorporated herein by reference. The terms of the Agreement, which are incorporated by reference into this Order, shall have res judicata and other preclusive effects as to the Released Claims as against the Released Parties. The Released Parties may file the Agreement and/or this Order in any other litigation to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

16. All Settlement Class Members and Releasing Parties (including any persons purporting to act on their behalf) have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein). This permanent bar and injunction is necessary to protect and effectuate the Agreement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Order and judgment shall preclude an action to enforce the terms of the Agreement.

17. A separate order shall be entered regarding Settlement Class Representatives' and

Settlement Class Counsel's motion for attorneys' fees, costs, and service awards as allowed by the Court.

18. Pursuant to the terms of the Agreement, Settlement Class Representatives, Settlement Class Counsel, Discover, and Discover Counsel have, and shall be deemed to have, released each other from any and all Claims relating in any way to any Party or counsel's conduct in the Actions, including but not limited to any Claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion, or resolution of the Actions, including Claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in Section 3.6 of the Agreement.

19. Without affecting the finality of this Final Approval Order and the accompanying Judgment in any way, the Court expressly retains continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of administration, consummation, validity, enforcement, and interpretation of this Agreement, the Final Approval Order, and any award of Attorneys' Fees and Expenses and Service Awards. Any dispute, challenge, question, or the like relating to the Settlement or Agreement may be heard by this Court.

20. In the event that the Effective Date does not come to pass, this Final Approval Order and the accompanying Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Settlement Class Representatives, Settlement Class Members, and Discover.

21. This Final Approval Order, the accompanying Judgment, the Preliminary Approval Order, the Agreement, all negotiations, statements, agreements, and proceedings relating to the Agreement, and any matters arising in connection with settlement negotiations, proceedings, or

agreements shall not constitute or be described as, construed as, offered as or received against Discover or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Settlement Class Representatives in the litigation; (b) any liability or wrongdoing of or by Discover or the Released Parties; or (c) that this litigation or any other action may be properly certified as a class action for litigation, non-settlement purposes.

22.     Pursuant to Federal Rules of Civil Procedure 54 and 58, the Court finds that there is no just reason for delay and expressly directs this Final Approval Order and the accompanying Judgment for immediate entry by the Clerk of the Court.

SO ORDERED.

Date: May 20, 2026

Steven C. Seeger
United States District Judge

9