**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CAPP, INC., YOUNG PEOPLES DAY CAMPS INC., KMJA DAY CAMPS, INC., and PRAYUS GROUP LLC, on behalf of themselves and all others similarly situated, | Case No. 1:23-cv-4676 |
| Plaintiffs, | |
| v. | |
| DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, and DISCOVER BANK, | |
| Defendants. | |
| LEMMO'S PIZZERIA, LLC, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-14250 |
| Plaintiff, | |
| v. | |
| DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, and DOES 1–100, | |
| Defendants. | |
| SUPPORT ANIMAL HOLDINGS, LLC, and LENNYS CASITA, LLC, individually, and on behalf of all other similarly situated, | Case No. 1:23-cv-15297 |
| Plaintiffs, | |
| v. | |
| DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, and DOES 1–100, | |
| Defendants. | |

**ORDER GRANTING
<u>AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS</u>**

Before the Court is Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards (the "Motion"). Having considered the Motion, the exhibits and declarations attached thereto, and all other filings and argument related to the Motion, it is hereby ordered, ADJUDGED, and DECREED that the Motion is GRANTED.

As stated at the final approval hearing on May 20, 2026, the Court makes the following findings and rulings:

1. Capitalized terms not otherwise defined in this Order have the meanings provided in the Agreement.

2. Settlement Class Counsel request an award of attorneys' fees in the amount of **$25,000,000.00.** Based on the record as a whole, the Court finds that this amount is reasonable under applicable standards and the circumstances of this litigation, and hereby awards the requested amount. *See* Fed. R. Civ. P. 23(h). The fee requested represents a maximum of 4.4 percent of the total amount to be paid to affected entities and counsel,[1] which is substantially lower than the percentages typically awarded in class actions in this Circuit. The Court further finds that the relevant factors considered in this Circuit for determining fee awards in class cases, *see Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825 (7th Cir. 2018), support the reasonableness of the fee requested as follows.

  a. Settlement Class Counsel achieved a very strong result for the Settlement Class, including Settlement Payments for eligible businesses based on 100 percent of their estimated overcharges incurred during the class period, plus interest through the Escrow Final Funding Date; a $540 million Minimum Total Class Payout (*i.e.*, floor); and Settlement Base Payments that ensure eligible Settlement Class Members will receive no less than $10.

  b. Settlement Class Counsel devoted substantial time and resources in achieving the results here, which included substantial pre-filing investigation; initial case management and coordination efforts; and extensive, hard-fought settlement

---

[1] $25 million ÷ ($540 million [Minimum Total Class Payout] + $25 million) = 0.0442.

negotiations that involved negotiating, drafting, and finalizing a written settlement agreement, a detailed methodology for calculating settlement payments, a very robust notice plan, notice and claim forms, and other settlement documents pertaining to both the original and modified Settlement, which negotiations required effort that went beyond what is typically required in a class settlement. Settlement Class Counsel also devoted substantial resources to conducting confirmatory discovery, including working with experts to review raw sample data, formal interviews of current and former Discover officials, and a site visit to Discover's headquarters in Riverwoods, Illinois; work on settlement approval papers; and extensive and ongoing work with the Settlement Administrator and Discover to ensure successful implementation of the Settlement, which work will continue after final approval. The Court further notes that while Discover has indicated it had an intent to provide restitution to affected entities, Settlement Class Counsel's negotiation efforts resulted in substantial improvements for the benefit of the Settlement Class, including improved interest terms and an improved payment calculation Methodology, both of which significantly increased the Settlement Payment amounts.

c. Settlement Class Counsel undertook substantial risk in taking on this case and pursuing it on a fully contingent basis.

d. This litigation involved exceptionally large stakes, affecting millions of businesses across the United States, and where the total funds at issue exceed $1.2 billion with interest. *See Camp Drug Store*, 897 F.3d at 832–33; *In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2021 WL 5709250, at *3 (N.D. Ill. Dec. 1, 2021).

3. The two objections that were submitted are overruled.

4.      With respect to the <u>first</u> objection submitted (*see* CAPP, ECF No. 77), as an initial matter, the objector has not established that he or any entity he may represent is a Settlement Class Member.  The objector's submission does not include information required for a valid objection under the Agreement and as directed in the notices and by this Court's Preliminary Approval Order (including identifying information and a taxpayer identification number (TIN) for a Settlement Class Member). The Settlement Administrator reports that, upon receipt of his submission, it reached out to the objector multiple times requesting information needed to confirm whether he or any entity he may represent is in the Settlement Class, and the objector did not provide such information.  Accordingly, the objection is overruled for lack of standing. Moreover, the Court finds that the objection lacks merit and is overruled for that reason as well. The objector states that he is objecting to the requests for attorneys' fees and expenses, but does not articulate any basis for this objection.  For the reasons stated herein, the requested attorneys' fees and reimbursement of expenses are reasonable and appropriate under applicable standards and the circumstances of this case.

5.      With respect to the <u>second</u> objection submitted—which Settlement Class Counsel received in the mail on May 19, 2026 (the day before the Final Approval Hearing) and presented to the Court at the Final Approval Hearing—as an initial matter, the objection was not timely submitted by the Objection Deadline and is overruled for untimeliness.  The objection is postmarked May 11, 2026, approximately six weeks after the March 25, 2026 Objection Deadline, and the objector offered no compelling reason for the very late submission. Additionally, the Court finds that the objection lacks merit and is overruled for that reason as well.  The objection misconstrues the nature of the award of attorneys' fees, which pursuant to the Agreement and this Order will be paid separately (*i.e.*, on top) by Discover and will not impact the payment amounts for any Settlement Class Members.  The objector also takes issue with the amount of the fees requested, but for the reasons stated herein the amount of the attorneys' fees requested is reasonable and appropriate under applicable standards and the circumstances of this case.  The objection is also overruled for the additional reason that the

4

objector's submission does not include information required for a valid objection under the Agreement and as directed in the notices and by this Court's Preliminary Approval Order, including a TIN for a Settlement Class Member.

6.     The Court further grants Settlement Class Counsel's request for reimbursement of litigation costs in the amount of **$307,158.03**.  The Court finds that such costs—primarily, expert costs, mediation fees, legal research, and travel—are reasonable in amount and were reasonably incurred in litigating this case.  *See T.K. Through Leshore v. Bytedance Tech. Co.*, No. 19-cv-7915, 2022 WL 888943, at *26 (N.D. Ill. Mar. 25, 2022).

7.     The Court further awards Plaintiffs CAPP, Inc.; Young Peoples Day Camps Inc.; Prayus Group LLC; Lemmo's Pizzeria, LLC; and Lennys Casita, LLC (collectively, the "Settlement Class Representatives") service awards of **$7,500** each.  The Court finds that these service awards are justified under the circumstances of this case to compensate the Settlement Class Representatives for their commitment on behalf of the Settlement Class.  The Settlement Class Representatives expended considerable time and effort, including by providing documents and information about their experiences to counsel, reviewing pleadings and other litigation documents, regularly communicating with counsel about the status of the litigation and settlement negotiations, and reviewing and approving the proposed original settlement and modified Settlement.  Moreover, these awards are within the range of service awards regularly awarded by courts in this District.  *See, e.g., Castillo v. Noodles & Co.*, No. 16-CV-03036, 2016 WL 7451626, at *4 (N.D. Ill. Dec. 23, 2016) (approving $10,000 service award); *Briggs v. PNC Fin. Servs. Grp. Inc.*, No. 1:15-CV-10447, 2016 WL 7018566, at *3 (N.D. Ill. Nov. 29, 2016) (approving $12,500 service awards).

8.     In accordance with the Settlement terms, all attorneys' fees, costs, and service awards awarded herein shall be paid by Discover on top of (*i.e.*, in addition to) payments to Settlement Class Members.  The Court hereby directs Discover to pay the amounts awarded herein pursuant to the terms of the Settlement.

SO ORDERED.

5

Date:   May 20, 2026

Steven C. Seeger
United States District Judge

6